THE UNITED STATES MANUFACTURING COMPANY v. ELLEN STEVENS.

*Pleading—Form of action—Removal of tenant's goods.*

1. The form of action is determined by the subject-matter of the pleading, and not by what the pleader calls it; and there can be no recovery for alleged matters of aggravation, unless the main cause of action is made out.

2. The relation of landlord and tenant is material and must be shown in an action of trespass brought by the tenant for the removal of his goods by the landlord if the plaintiff counts upon the relation as still subsisting and as a constituent fact.

3. One who is entitled to the possession of premises can remove the property left there by a previous tenant, if he exercises such care in doing so as the nature of the property demands; and if he leaves it in such a condition that the owner, by reasonable diligence, can take it uninjured, he is not bound to house it or otherwise protect it until the owner sees fit to take possession.

Error to Wayne.   (Speed J.)   Oct. 30.—Dec. 21.

TRESPASS.   Defendant brings error.   Reversed.

*Moore & Canfield* for appellant.   Trespass cannot be maintained unless an unlawful entry is shown : *East v. Cain* 49 Mich. 473 ; 2 Greenl. Ev. § 613; a tenant whose term has expired is not entitled to notice to quit : *Allen v. Carpenter* 15 Mich. 43 ; *Benfey v. Congdon* 40 Mich. 283 ; 1 Washb. R. P. 409 ; *Young v. Smith* 28 Mo. 65 ; Wade on Notice § 592 ; a landlord on termination of the tenancy, may peaceably re-enter and remove the tenant and his goods : *Hoffman v. Harrington* 22 Mich. 52 ; *Hyatt v. Wood* 4 Johns. 150 ; Taylor's L. & T. § 523 ; *Sterling v. Warden* 51 N. H. 217 : 12 Am. Rep. 80 ; 4 Am. L. Rev. 430; *Low v. Elwell* 121 Mass. 309 : 23 Am. Rep. 272 ; *Stearns v. Sampson* 59 Me. 568 ; *Curtis v. Galvin* 1 Allen 215 ; *Manning v. Brown* 47 Md. 506 ; *Overdeer v. Lewis* 1 W. & S. 90 ; *Kellam v. Janson* 17 Penn. St. 467 ; *Rich v. Keyser* 54 Penn. St. 86 ; *Todd v. Jackson* 26 N. J. L. 526 ; *Mugford v. Richardson* 6 Allen 76 ; *Moore v. Mason* 1 Allen 406 ; *Meader v. Stone* 7 Met. 147 ; *Fuhr v. Dean* 26 Mo. 116 ; *Young v. Smith* 28 Mo. 65,; *Witt v. Mayor, &c.* 5 Robt. 248, 261 ; *Stone v. Lahey* 133 Mass. 427 ; and in England, even though he be subjected to a criminal prosecution if he use unnecessary force to eject the tenant, he

is not subject to a civil action for damages. *Harvey v. Brydges* 14 M. & W. 437; *Blades v. Higgs* 10 C. B. (N. S.) 713; *Pollen v. Brewer* 7 C. B. (N. S.) 371; *Davison v. Wilson* 11 Q. B. 889; *Burling v. Read* id. 904; *Turner v. Meymott* 1 Bing. 159; *Laws v. Telford* L. R. 1 App. Cas. H. of L. 414 16 Eng. 74.

*George H. Prentis* and *William P. Wells* for appellee. An incoming tenant must take possession and exclude the outgoing tenant and his property with due care and caution, which involves due notice to remove the property, and due care in removing it, if notice is not acted upon. Wood's Landlord and Tenant 17; 2 Waterman on Trespass 420 § 968, and 422, § 970; *Overdeer v. Lewis* 1 W. & S. 90; *Kellam v. Janson* 17 Penn. St. 467; *Barrett v. White* 3 N. H. 210; *Whitney v. Swett* 22 N. H. 10.

GRAVES, C. J.   In 1878 the plaintiff received a lease of building No. 232, situate on Congress street west, corner of Fourth street, in the city of Detroit, for the term of eight months from the 31st of August of that year.   The property was then owned by the defendant, and she has continued to be the owner since.

The plaintiff was engaged in manufacturing wagon hounds, and it made use of the building as a place to store them. It retained possession for that purpose until near the middle of March, 1880, when it had in store some 10,500, besides 100 castings, at which time the transaction occurred to which this litigation is to be traced.

Sometime prior to that date the defendant was of opinion that the plaintiff's right was ended, and that she was entitled to possession, and in February she made a lease to one McDonald, and they desired the plaintiff to give possession to him.   The company, by its manager, Mr. Hall, denied that its right to hold had terminated, and insisted that under the bargain made with it the time would not expire until the following September.   Hall and McDonald met several times for the purpose of agreeing on some arrangement by which McDonald would be enabled to go in and occupy

without opposition, and by which the property stored in the building might be removed without expense or loss to the plaintiff.

In March, Hall went to Washington on business. No one was left on the premises, but the goods remained stored there. McDonald wanted possession, and his business necessities therefor were urgent. On the 13th of March he entered quietly and unopposed, and removed the plaintiff's property to the open enclosure, where it was exposed to the weather. The removal was effected with due care, and the articles were placed in good order. No injury was done, and the position in which the things were put and left was unobjectionable. The exceptional fact was the exposure. McDonald immediately forwarded a written notice to Hall, and his wife received it and mailed it to him. It speedily reached him in Washington, but he deferred returning until his business was completed. He came back the forepart of April. The property was allowed to remain without any protection from the weather for about three months, and it. suffered damage by the exposure. The plaintiff then sold it for $237.50. The original value was estimated at upwards of $5000. This action was afterwards brought, and the jury returned a verdict in favor of the plaintiff for $3362.25.

Among the subjects of controversy before the trial court was the question whether the right of the plaintiff to retain the possession and enjoyment had not expired; and also whether it was not agreed between Hall and McDonald that the removal might be made substantially as it was. On the latter point the testimony of these persons was directly opposed.

*First.* A query occurs at the outset in regard to the form of the action. In the commencement of the declaration it is called "trespass on the case;" but this is an obvious misnomer. The action does not take its form from the name assigned to it by the pleader. It is determined by the matter. *Cornes v. Harris* 1 Comst. 223, and authorities. The case is set forth in four counts, and each count is distinct-

tively in trespass quare clausum. In every one the fundamental charge is the breaking and entering. But this fact is not averred without anything to characterize it. It is made part of the averment and an element of substance that the plaintiff was at the very time a tenant of the defendant. The substantive cause of action laid in each count is the tortious entry by the landlord on the demised premises during the existence of the tenancy; and the further circumstances of injury, including the putting out and exposure of the wagon hounds, are only matters of aggravation. They are not original and additional causes of action. Their office is purely subsidiary. They can have effect only in case of recovery for the breaking and entering, and their function is then to expand the right to damage which that wrongdoing has raised. *Taylor v. Cole* 3 Term 292: 1 H. Bl. 555; *Dye v. Leatherdale* 3 Wils. 20; *Gelston v. Hoyt* 3 Wheat. 246, 326, 327; *Eames v. Prentice* 8 Cush. 337; *Knapp v. Slocemb* 9 Gray, 73; *Merriam v. Willis* 10 Allen 118; *Howe v. Willson* 1 Den. 181; *Herndon v. Bartlett* 4 Porter (Ala.) 481. Unless the pivotal charge of injury is established, or in other words, unless the breaking and entry is made out, the action must necessarily fail. The case described is not made out. It is not competent to desert the substantive ground of action described and make use of those elements laid as simple accessories, as though they were counted on as primary and distinct grounds of recovery. See cases last cited.

Again, the plaintiff had seen fit to count on the relation of landlord and tenant as one which was actually subsisting when the breaking and entry occurred, and as being a constituent fact of the transaction, and of such importance as to give it character. It was thus rendered material, and a circumstance necessary to be shown. It was a descriptive fact. Buller's N. P. 65; 1 Stark. Ev. 624 et seq.; 1 Chit. Pl. 140, 141, 147, 402. The learned judge disposed of the case, however, on other principles. He gave it to the jury on the theory that it was immaterial whether the parties stood in the relation of landlord and tenant, and immaterial

whether a tortious entry was made, and he advised that a recovery was admissible for part of the matter laid as accessory only, whether the entry was wrongful or innocent. I think this was error.

*Second.* As the case appears in the record, the first and second counts were entirely unsupported, and as the controversy went to the jury the only matter in either the third or fourth counts which received any backing from the evidence, was the claim that the hounds were put where they were exposed to the weather. Now, Mr. Justice Cowen in the course of his opinion in *Seneca Road Company v. Auburn & Rochester Rail Road Company* expressed himself as inclined to the view that a declaration, though palpably in trespass, might yet be sufficient to entitle the plaintiff to recover on the theory of the action of case, provided it contained enough for a declaration of that sort. 5 Hill 170. Without admitting or denying the tenability of what is thus mentioned, and without going into several points which seem to be, involved, let it be granted that the plaintiff was at liberty to have the third and fourth counts of the declaration operate on the trial as counts in case. It was the theory of defendant, on which there was evidence, that the plaintiff was holding without any right whatever, and that she was entitled to enter in the very way in which the entry was effected and was entitled to the entire possession; but all this the circuit judge ignored.

The case must be considered now upon the assumption that the facts were as claimed by the defendant. The matter then comes to this: the plaintiff was occupying without any right whatever and was subject to be dispossessed, and the defendant, being entitled to enter and have full and absolute possession and enjoyment, did enter peaceably and without opposition and in accordance with her right and thereupon took the plaintiff's wagon hounds which were encumbering her possession and trespassing on her right and prudently and without injury to them put them out and piled them in proper shape. And now the plaintiff says that this exposure of his wagon hounds operated in the

course of time to cause them injury. Under this concep-
tion of the facts it is not easy to discover any valid ground
of liability.

On what foundation can it be claimed that the defendant,
under the hypothetical view here taken, was under duty to
do better by the plaintiff than she did? The articles were
not frail or delicate. They were capable of being put out
of the room, to which the defendant was fully entitled,
without immediate or early damage. They might fairly be
expected to bear exposure in the open air for a considerable
time without appreciable injury, and it might justly be sup-
posed that the plaintiff, by the exercise of any diligence,
would be able to take care of them in season to avoid loss.
But the ruling of the circuit judge would seem to imply
that the defendant was, after all, bound to house or other-
wise protect the property from injury until the plaintiff
should be able to take care of it, however long the period.
I cannot concur in this view. *Low v. Elwell* 121 Mass.
309; *Canavan v. Gray*—Cal.—: 22 Am. L. Reg. (N. S.)
718, and note.

On this aspect of the case, and also in view of some of
the underlying facts, the authorities cited in defendant's
brief are very important.

Further discussion is unnecessary. I think a new trial
should be granted, but before it occurs no doubt the plead-
ings will be revised.

The judgment is reversed with costs and a new trial
granted.

The other Justices concurred.