MINNEAPOLIS & NORTHERN ELEVATOR COMPANY v. BOARD OF COUNTY COMMISSIONERS OF CLAY COUNTY.[1]

April 25, 1895.

No. 9345.

**Personal Property—Where Taxable.**
"The personal property pertaining to the business of a merchant * * * shall be listed in the town or district where his business is carried on." G. S. 1894, § 1516. *Held*, that the place where the business is carried on, within the meaning of this statute, is the place where the property is kept for sale. The mere buying of property in some town or district other than that of his residence would not render it assessable at the place of purchase.

Appeal by defendant from an order of the district court for Clay county, Baxter, J., overruling a demurrer to the complaint. Affirmed.

*C. A. Nye*, for appellant.

*Mason & Hilton*, for respondent.

[1] Reported in 63 N. W. 101.

MITCHELL, J.   This was an action to recover back taxes paid under duress upon a certain grain elevator situated in Clay county, on the land of a railway company, and a quantity of grain stored therein.   The principal place of business and principal office of the plaintiff, a corporation, were located in Hennepin county.   The ground upon which the taxes are claimed to have been illegal is that the place for listing and assessing the property was in Hennepin county. The property having been listed and assessed by the public officers in Clay county, the plaintiff applied to the board of equalization of that county to have it stricken from the assessment lists.   That board having refused the application, the plaintiff applied to the state auditor, pursuant to G. S. 1894, § 1522, to determine where the property should be listed for taxation, and that officer determined that it should be listed in Hennepin county.   Upon this decision of the state auditor the plaintiff applied to the board of county commissioners of Clay county to abate or cancel the tax, but they refused to do so.   Thereafter the treasurer of that county issued to the sheriff a tax warrant for the collection of the tax, and, in order to prevent a seizure of its property, the plaintiff paid the tax under protest.

The elevator building was, for the purposes of taxation, real estate, within the definition contained in G. S. 1894, § 1509, and as such was taxable in the town or district where it was situated.   The decision of the state auditor to the contrary was utterly without effect, because entirely beyond his jurisdiction, which is limited to questions that may arise as to the place of listing personal property. This, however, would not render the complaint demurrable if it stated a good cause of action for the recovery of the tax on the grain.

We have no occasion to consider the question, discussed by counsel, what effect is to be given to the decision of the state auditor as to the place of listing personal property, and whether it is conclusive, because, upon the facts stated in the complaint, his decision was clearly correct as to the place where the grain should be listed and assessed.   The rule is that personal property, except as otherwise required, shall be listed and assessed in the county, town, or district where the owner or agent resides, which, in the case of a domestic corporation, is to be deemed the place where its principal

office or place of business is located. A comparison of the allegations of the complaint with the provisions of G. S. 1894, §§ 1516, 1528, would seem to be all that is necessary to show that, upon the facts alleged, this case did not fall within any of the exceptions to the general rule.

The allegations of the complaint are that plaintiff's principal place of business and its principal office are in the city of Minneapolis; that it "now, and for more than ten years last past has owned, controlled, and exclusively operated a line of elevators in said state; and that its business is the receiving, storing, and buying of wheat at points where its said elevators are situated." This is not enough to bring the case within the provisions of section 1516, supra, that "the personal property pertaining to the business of a merchant or of a manufacturer shall be listed in the town or district where his business is carried on." A merchant is defined as "one who is engaged in the purchase and sale of goods." Section 1528, supra, provides that "whoever owns or has in his possession, or subject to his control, any goods, merchandise, grain, or produce of any kind, or other personal property, within this state, with authority to sell the same, which has been purchased either in or out of this state with a view to being sold at an advanced price or profit, or which has been consigned to him, from any place out of this state, for the purpose of being sold at any place within this state, shall be held to be a merchant."

The business of merchandising includes both buying and selling, and a merchant may buy his goods in one place and sell them in another. But the provisions of the statute seem to have reference to the place of selling, and it seems to us that the place where the goods are kept for sale by a merchant is the place where they should be listed and assessed; and, while buying is undoubtedly a part of the business of a merchant, yet the mere buying goods in one county, town, or district does not amount to carrying on the business within the meaning of section 1516, so as to render the property listable at a place other than the residence of the owner. If a merchant residing in one of the large cities should keep a stock of merchandise for sale in a branch store in some small country town, unquestionably the stock should be listed and assessed in the latter. But if, on the other hand, he merely bought produce or other mer-

chandise in the country town to replenish his stock in his city store,. where it was to be kept for sale, we think it would hardly be claimed that such property should be listed and assessed where bought.. Starting out, as we do, with the general rule that all personal property is to be listed and assessed where the owner resides, we think any exceptions to the rule should be somewhat strictly construed. The mere fact that goods are temporarily stored at the place where they are bought is immaterial if they are not kept for sale at that place.

Order affirmed.