STATE OF MINNESOTA v. RED RIVER VALLEY ELEVATOR COMPANY and Another.[1]

June 29, 1897.

Nos. 10,344—(8).

Taxation—Elevators on Right of Way—Minneapolis v. Board, 60 Minn. 522, Overruled.

  Elevators owned by other parties, situated on the right of way of a railroad company, are, for purposes of taxation, personal property.    Minneapolis v. Board, 60 Minn. 522, overruled.

Same—Place of Assessment—Appointment of Receiver.

  Where a receiver of the assets of a corporation has been appointed under section 9, c. 76, G. S. 1878 (section 5897, G. S. 1894), the personal property of the corporation continues assessable at the same place at which it was assessable before the receiver was appointed, without reference to the residence of such receiver.

[1] Reported in 72 N. W. 60.

**Same—Levy against Corporation—Action against Receiver.**

> A personal tax assessed against the corporation cannot be collected in an action or proceeding against the receiver personally, instituted under G. S. 1894, § 1569.

Certiorari issued on the petition of M. J Forbes, receiver of the Red River Valley Elevator Company, to review a tax judgment of the district court for Polk county, entered pursuant to findings of Ives, J. Reversed.

*Davis, Kellogg & Severance,* for petitioner.

Elevators owned by private persons and located on a railroad right of way are real property for the purposes of taxation. Minneapolis v. Board, 60 Minn. 522. Even assuming such an elevator to be personal property, it must be assessed in the county in which the owner resides and not in the county in which it is situated. G. S. 1894, §§ 1515–1520; Clarke v. County, 47 Minn. 552; City v. Merritt, 7 Minn. 198 (258). Personal property in the hands of a trustee, receiver, or other person in a fiduciary capacity must be assessed against such officer at his place of residence, unless it be property of such character as is required by some special provision of the statute to be assessed at the place where it is located. Hardy v. Inhabitants, 6 Allen, 227; Mayor v. Stirling, 29 Md. 48; People v. Board, 40 N. Y. 154; State v. Matthews, 10 Oh. St. 431; Borough v. Marshall, 36 Pa. St. 397; Desty, Taxn. 337; Cooley, Taxn. 271. A provision that personal property shall be assessed at the place of residence of the owner or agent having charge of the same is clearly incompatible with a prior law providing that it shall be assessed at some place other than the place of residence of the owner or agent. Shields v. Bennett, 8 W. Va. 74; Swartwout v. Michigan, 24 Mich. 389; Lehman v. McBride, 15 Oh. St. 573; Spencer v. State, 5 Ind. 41; McRoberts v. Washburne, 10 Minn. 8 (23).

*H. W. Childs* and *George B. Edgerton,* for respondent.

The elevators must be treated as personal property for the purpose of taxation. G. S. 1894, §§ 1510, 1524, subd. 28. The property was properly assessed in Polk county, where it was located, instead of in St. Louis county where the receiver resides. G. S. 1894, § 1516; Chicago v. County, 38 Minn. 531; Clarke v. County, 47 Minn. 552.

MITCHELL, J.

Certiorari to review a judgment against the defendant for personal taxes for the year 1894, the trial judge having declined to certify under the statute. County v. Winona, 38 Minn. 397, 37 N. W. 949. The case must therefore be reviewed on the return to the writ, notwithstanding that the court has added to the return what purports to be a statement of the facts and of the points involved, pursuant to G. S. 1894, § 1589.

The Red River Elevator Company, a domestic corporation, owned 14 grain elevators situated upon the line and right of way of the Great Northern Railway Company in Polk county, the title of the land upon which they were situated being in the railway company. In June, 1893, the defendant was, under section 9, c. 76, G. S. 1878 (section 5897, G. S. 1894), duly appointed by the district court of Ramsey county receiver of all the property of the elevator company, and as such he took possession of these elevators, leased them to a third party, and finally, in June, 1894, sold them pursuant to the order of the court. Having completed his trust, and disposed of and distributed the proceeds in accordance with the directions of the court, he was duly discharged as receiver on July 20, 1895. In 1894 all of these elevators were assessed as personal property in the respective towns in Polk county in which they were situated, the taxes for two of them being assessed against the defendant, and for the other twelve against the elevator company. During the entire time of his receivership defendant resided and had his office and place of business in the city of Duluth, and never resided or did business in Polk county. The first actual notice which he had that any personal taxes had been assessed against him in Polk county was in September, 1895, when the citation in this action was served. This action or proceeding was commenced by issuing a citation pursuant to the provisions of G. S. 1894, § 1569.

1. The first point made by defendant is that these elevators were, for the purposes of taxation, real property. They would be real property within the definition contained in G. S. 1894, § 1509, if not excepted by other provisions of statute. But they are made personal property for the purposes of taxation by section 1510, which provides that personal property for such purposes shall be construed

to include improvements upon lands the title to which is still vested in any railroad company; and by section 1524 it is provided that the items contained in statements or lists of personal property shall include (clause 28) all elevators, warehouses, and improvements on lands the title of which is vested in any railroad company. It is therefore clear that these elevators were, for purposes of taxation, personal property.

This is in conflict with what was held in Minneapolis v. Board, 60 Minn. 522, 63 N. W. 101. In that case the counsel on one side claimed, and on the other side conceded, that the elevator building was properly assessed in Clay county, where it was situated, and we inadvertently assumed that it was assessable there as real estate, without having our attention called to the provisions of sections 1509 and 1524. But the error is so manifest that it cannot be adhered to or followed.

2. The next point made by defendant is that, if these elevators were, for purposes of taxation, personal property, they were assessable, not in Polk county, but in the city of Duluth, in St. Louis county, where he resided and did business. Assuming, without deciding, that personal property of this character is assessable, not where it is situated, but where the "owner or agent" resides, or, if the owner is a corporation, where its principal office or place of business is located, we are nevertheless of opinion that a receiver appointed by the court is not "an owner or agent," within the meaning of the statute, so as to give the property of the corporation a situs, for the purposes of taxation, wherever such receiver may happen to reside. It would be very remarkable, as well as unreasonable, if the situs of the property of a corporation for the purposes of taxation is dependent upon the mere accident of the residence of the person whom the court may appoint receiver of the corporate assets; for example, that if, as in this case, the court happened to appoint a person who was a resident of St. Louis county, therefore the corporate property is assessable there, but, if the court had happened to appoint a person who resided in Rock county, then the property would have been assessable there. A receiver is not the owner of the property intrusted to his custody. He is merely an officer of the court holding possession of the property for the benefit of

those whom it may concern. His possession is, in one sense, their possession, although in another sense the possession of the court. His appointment does not in any way affect the right or title to the property, but merely changes the possession and control of it for the purposes of the receivership. The receivership neither works a dissolution of the corporation nor deprives it of the title to its property. It merely delegates to the receiver, as an officer of the court, the power to take charge of it, and dispose of it for the benefit of those entitled to it, viz. the corporate creditors and stockholders.

The cases cited by counsel merely announce the familiar doctrine that, in the absence of a statute otherwise providing, where personal property is in the hands of a trustee, having the legal title to the same, it is taxable to the trustee, and not to the cestui que trust; and that it is the residence of the former, and not of the latter, which determines the situs of the property for the purposes of taxation.

We are therefore of opinion that while it is the duty of a receiver to list all personal property in his possession or control, and the tax should be assessed against him in his official capacity as receiver, yet the property remains assessable at the place where it was assessable before the receiver was appointed. It is not necessary to determine whether these elevators were assessable in the town or district where they were located or in the town or district where the principal office or place of business of the elevator company was located. If it was the former, then it affirmatively appears that they were assessed at the proper place. If it was the latter, then the record does not show where the elevator company had its principal office or place of business; and hence, for anything that appears, the elevators were still assessed at the proper place.

3. There is, however, another objection which is fatal to this judgment. As already suggested, part of the tax included in the judgment was assessed against the defendant, and the balance against the Red River Elevator Company. Personal taxes are assessed against a person, and not against the property, and are not even a lien upon it. It is true, the person is taxed on account of the property. And the value of the property determines how much the owner shall be taxed, but the tax is against him personally. If the

tax is assessed against A. it cannot be collected from B., although the latter was the party against whom it ought to have been assessed.

This proceeding is in the nature of a personal action brought under G. S. 1894, § 1569, to collect this tax against the defendant individually. It is based upon the "revised list" filed by the county auditor with the clerk of the district court. The citation is to the "delinquent named on the list"; that is, the person against whom the unpaid tax was assessed. Here the delinquent named on the list as to the greater part of the taxes was the Red River Elevator Company, while the citation is to M. J. Forbes. It is immaterial that the tax ought to have been assessed against Forbes. The fact is that it was not. It is unnecessary to consider what remedy the state might have had against the assets and estate of the elevator company, or whether, if it had applied to the court in the receivership proceedings, it might not have been entitled to an order requiring the receiver to pay this tax out of the corporate funds in his hands. But it is clear to our minds that in this action the state cannot collect from the defendant individually a personal tax assessed against the elevator company.

As there is no finding of the amount of tax assessed against the defendant, it is necessary to reverse the judgment in toto, and grant a new trial. So ordered.