MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY *vs.* DICKEY COUNTY.

---

**Taxation of Railroads—Personal Property.**

The county commissioners levied, or attempted to levy, a tax upon the plaintiff's roadbed, franchise, rails, rolling stock, and other property belonging to it in Dickey county, pursuant to the action of the state board of equilization as certified to them by the state auditor under section 179, Const. *Held,* that such tax is a tax upon personal property for taxation purposes, under section 1228, Rev. Codes.

**Injunction—Tax Levy.**

The evidence in the case shows that the county commissioners levied, or attempted to levy, a tax for county purposes, without first making an itemized statement of the probable county expenses for the ensuing year, under section 1228, Rev. Codes, and a road and bridge tax without any petition to them for the building of any bridge or improvement of a road. *Held* no ground for restraining the collection of a personal property tax.

**Personal Property Tax Not Enjoined.**

> The complaint and evidence considered, and it is *held* that an injunction will not lie to restrain the collection of such personal property tax, as the plaintiff has an adequate remedy at law. Schaffner v. Young, 86 N. W. Rep. 733, 10 N. D. 245, followed.

Appeal from District Court, Dickey County; *Glaspell*, J.

Action by the Minneapolis, St. Paul & Sault Ste. Marie Railway Company against Dickey county and another. Judgment for defendants, and plaintiff appeals. Affirmed.

*W. E. Purcell, L. W. Gammons & H. B. Dyke,* for appellant.

The Board of County Commissioners did not prepare, record or publish an itemized statement of the county expenses as a basis for tax levy, and their failure so to do defeated the jurisdiction of the board to levy a tax. § 1228, Rev. Codes; *Shattuck* v. *Smith,* 6 N. D. Rep. 70; *Dever* v. *Cornwell,* 10 N. D. 123, 86 N. W. Rep. 227. Mandatory provisions of the statute must be specifically observed by taxing officers and a disregard or violation of said provisions is fatal to the tax and defeats the jurisdiction of the taxing officers. *Sweigle* v. *Gates,* 9 N. D. 538; *Eaton* v. *Bennett,* 10 N. D. 346, 87 N. W. Rep. 188; *Power* v. *Larrabee,* 2 N. D. 149; *Matteson* v. *Town,* 37 Wis. 254. A levy being void, it can be made valid by a curative act. Ch. 159, Laws 1901. Curative laws may heal irregularities in action but they cannot cure a want of authority to act at all. There being no jurisdiction to make a levy in the first place, same can be accomplished through retrospective legislation. Cooley on Taxation 302; Desty on Taxation 620; Welty on Assessments 231; *Pickton* v. *City of Fargo,* 10 N. D. 469, 88 N. W. Rep. 95; *Hart* v. *Henderson,* 17 Mich. 222; *People* v. *Goldtree,* 44 Cal. 323; *Maxwell* v. *Goetschins,* 40 N. J. Law, 383; *Conde* v. *Schenectady,* 51 N. Y. Supp. 854; *State* v. *Dougherty,* 60 Me. 504; *Houseman* v. *Kent,* 25 N. W. Rep. 369; *Hagner* v. *Hall,* 42 N. Y. Supp. 63; *Sessions* v. *Crunkilton,* 20 O. St. 349. It is not within the power of the legislature to make a void proceeding valid. *McDaniel* v. *Correll,* 19 Ill. 226; *Griffins Exrs.* v. *Cunningham,* 20 Gratt. 109. *Nelson* v. *Roundtree,* 23 Wis. 367; *Israel* v. *Arthur,* 1 Pac. Rep. 438; *Conway* v. *Cable,* 37 Ill. 82; *Bryor* v. *Downey,* 50 Cal. 388; *Cromwell* v. *Maclean,* 123 N. Y. 474; *Kimball* v. *Town,* 42 Wis. 412; *Richards* v. *Rote,* 68 Pa. St. 248; *Columbus* v. *Board,* 65 Ind. 427; *People* v. *City of Brooklyn,* 71 N. Y. 495; *Hamilton* v. *City,* 25 Wis. 490. The rights of suitors are to be determined by the law in force when the cause of action arose and such rights cannot, excepting as mere rules of procedure and evidence, be measured by the different legal statutes created while the action is pending, either by judicial decision or by statute. *Schaffner* v. *Young,* 10 N. D. 245, 86 N. W. Rep. 734; *Conrad* v. *Smith,* 6 N. D. 337; *Mahon* v. *Surerus,* 9 N. D. 57, 81 N. W. Rep. 64; *Norman* v. *Boaz,* 4 S. W. Rep. 316; *Thweat* v. *Bank,* 81 Ky. 1; *Turney* v. *Town,* 100

Ky. 288. A party cannot pay a part of his taxes without paying the whole. *Wells County* v. *McHenry,* 7 N. D. 246, 74 N. W. Rep. 241; *State* v. *Cert. Lands,* 42 N. W. Rep. 476.

*S. G. Cady,* for respondent.

The burden of proof is on appellant to establish invalidity of tax levy. *Farrington* v. *Inv. Co.,* 1 N. D. 102; *N. P. Ry. Co.* v. *McGinnis,* 4 N. D. 494, 61 N. W. Rep. 1032. The constitution does not prohibit the passage of retrospective laws except in so far as they destroy vested rights or impair the operation of contracts. *Garrison* v. *N. Y.,* 21 Wall. 196; *Freeland* v. *Wideman,* 131 U. S. 405; *Louisiana* v. *New Orleans,* 3 Sup. Ct Rep. 285. Tax proceedings are in no manner founded upon contract. *New Orleans* v. *Tel. Co.,* 8. Am. St. Rep. 506 and note. The legislature can ratify and approve by subsequent legislation any act performed for the benefit of the state which it had original authority to legislate and provide for. *O'Hara* v. *N. Y.,* 2 L. R. A. 603; *Fuller* v. *Morrison County,* 36 Minn. 309; *Anderson* v. *Santa Anna,* 116 U. S. 356; *Iowa Land Co.* v. *Soper,* 36 Ia. 112; *Smith* v. *Callahan,* 36 Ia. 552; *Gordon* v. *San Diego,* 40 Am. St. Rep. 73. So long as a statute is within the spirit of legislative power and not an encroachment upon the provisions of another department of government it will be upheld, unless clearly in conflict with some provision of the constitution. *Wadsworth* v. *Ry. Co.,* 36 Am. St. Rep. 309; *Fox* v. *McDowell,* 46 Am. St. Rep. 98; *Burlington & Ced. Rap. Ry. Co.* v. *Dey,* 31 Am. St.Rep. 477. If the proceedings of the commissioners are void for want of jurisdiction and the thing wanting in the proceeding which they have failed to perform is something the legislature might have dispensed with a prior statute it is within the power of the legislature to dispense with it by a subsequent act. *Richmond* v. *Supervisors,* 77 Ia. 531, 14 Am. St. Rep. 308; *Iowa Savings & Loan Co.* v. *Heigdt,* 77 N. W. Rep. 1050; *Shattuck* v. *Smit,* 6 N. D. 78.

Morgan, J. The plaintiff in this action seeks to have certain taxes, claimed to have been illegally levied against it, set aside, and the collection of such taxes perpetually restrained. The grounds on which it seeks to secure such permanent injunction are the following, as recited in the complaint: That the county commissioners failed to make a lawful levy of any taxes in said county for the year 1900, for the reason that such commissioners did not make the itemized statement of the county expenses for the ensuing year, as provided by section 1228, Rev. Codes. The proceedings of the county commissioners, so far as an attempt to levy taxes for the year 1900, as based upon an itemized statement, are the following, viz.: "On motion the following levy was made for county expenses for the ensuing year: County general fund, $20,000; sinking fund, $2,000; road and bridge, $3.500." In the published proceedings of such board of commissioners there appears no different or other

statement, and it is stipulated that no other statement was ever made or published by such board during said year. This omission to make and publish an itemized statement, as provided by said section of the statute, is urged as a reason why such tax is void, and is urged as a ground for equitable interference by the courts to prevent its collection or enforcement. The second objection urged by the appellant to the validity of such taxes is that the board of county commissioners attempted to levy a road and bridge tax without jurisdiction to do so, ·inasmuch as no petition for the construction of any bridge was presented to them, and without having made an itemized statement of the proposed cost of such bridge improvement of the road. No other objections are urged against the validity of the levy or of the tax. ·

It is strenuously contended by the appellant that the omission to make such itemzied statement rendered any attempted levy void, and that no tax levied without a preliminary itemized statement can be a valid tax, and that the attempted levy of a road and bridge tax, without an itemized statement of the cost of such bridge or road, and without a preliminary petition to such commissioners, rendered the whole tax levied for county purposes void. It is admitted that the state tax levied by the state board of equilization is valid, and not subject to attack on any grounds. The tax involved in this suit was levied or attempted to be levied in July, 1900, and its collection was enjoined by a temporary injunction in January, 1901, and before such taxes became delinquent. The case therefore presents the question whether a court of equity will interfere with the collection of this tax, under the circumstances pleaded and stipulated, or whether the plaintiff will be left to pursue its remedies by an action at law. It is claimed by appellant that the facts pleaded and proven bring the case within the rule adopted by courts justifying the interposition of a court of equity to restrain the collection of the tax. The defendant contends that the plaintiff has not brought itself within any of the recognized principles of equity jurisprudence justifying it in passing by remedies at law and resorting to injunctional proceedings. A statement of the allegations of the complaint will show the basis of plaintiff's contention. The complaint alleges (omitting allegation of incorporation): "And as such corporation has during all of said time owned and operated, and now owns and operates, a line of railroad in said state of North Dakota, extending into and through the said county of Dickey, and as such corporation is liable for the payment of all taxes legally assessed and levied on its roadbed, franchise, rails, rolling stock, and other property belonging to said plaintiff, situated in said county of Dickey and state of North Dakota." Then follow allegations of the levy in question claimed to be void by reason of there being no itemized statement, and the omission of other requisites to making levies, claimed to be mandatory; the extension by the county auditor of the taxes so attempted to be levied against. plaintiff's property; and the following allegation, given in the language of the complaint:

"That this plaintiff is engaged in the business of operating a railway through said county, and connecting the places and people therein with eastern and western points, and is a common carrier of freight, express, and passengers into and out of said county, and all the property of plaintiff in said county is used in and about said business, and is necessary for the proper conduct thereof; that if said property, or any thereof, is seized by said officers, such seizure and distraint would seriously hamper and cripple the said business, and would inflict great and irreparable injury, and would occasion a great multiplicity of suits, and occasion great and irreparable damage and annoyance to this plaintiff and the people of said county; that plaintiff has no adequate remedy in law in said matter, and has no remedies at law for the injuries which would follow such seizure and distraint of its property as aforesaid." These allegations are statements of conclusions, and not of facts. It is not apparent therefrom, nor from the evidence that irreparable injury or damage would follow the denial of the prayer for a permanent injunction. It is not shown how a multiplicity of suits would follow such refusal of equitable relief. No claim is made that the county commissioners had no right or jurisdiction to levy this tax at that time and place, but the sole and only contention is that the tax is void for the reason of an omission by them to perform a mandatory requirement preliminary to a levy of the tax. In an early case in this state the following rule was laid down by the supreme court, and has not been departed from: "Courts of equity should, in general, extend the strong arm of their preventive power to restrain the collection of a tax or annul tax proceedings only where the property sought to be taxed is exempt from taxation, or the tax itself is not warranted by law, or the persons assuming to assess and levy the same are without authority so to do, or where the proper taxing officials have acted fraudulently; and, in addition, plaintiff must bring himself within some recognized rule of equity jurisprudence." *Farrington* v. *Investment Co.,* 1 N. D. 118, 45 N. W. Rep. 191. The case cited related to taxes upon real estate, but the principles there announced apply with more force to collection of personal property taxes than to enforcement of real estate taxes. As we construe the complaint, we do not understand that it is claimed that the tax in question is any other than a personal property tax. From plaintiff's brief and argument the same conclusion is reached; that is, that the tax in suit is deemed a personal property tax. From a consideration of the constitution and statute law of this state, we are convinced that the taxes involved in this suit are to be deemed taxes on personal property, and that the property described in the complaint is deemed personal property for taxation purposes. Section 179 of the constitution provides: "The franchise, roadway, roadbed, rails and rolling stock of all railroads operated in this state shall be assessed by the state board of equilization at their actual value and

such assessed valuation shall be apportioned to the counties, cities, towns, townships and districts in which such roads are located, as a basis for taxation of such property in proportion to the number of miles of railway laid in such counties, cities, towns, townships, and districts." Section 1315, Rev. Codes, provides: "The state auditor shall at the time of certifying the equalized value of each organized county to the county auditor, also certify the number of miles of each main line of railroad, and branches and side tracks thereof contained in said county and the valuation per mile of such line or branch line as determined by the state board of equilization and the county auditor of such county shall apportion such valuation to the cities, towns, townships and districts through which such railroads run according to the number of miles contained in each, as a part of the valuation of such city, town, township and district for the purpose of taxation, and the same shall be taxed as personal property." The language of this section is explicit that such railroad property shall be taxed as personal property. It is therefore personal property for purposes of taxation, although it may be in part, as a fact and for other purposes, real estate. It is within the power of the legislature to provide that such fixtures as are described in the complaint may be taxed as personal property. *State* v. *Red River Val. Elevator Co.,* 69 Minn. 131, 72 N. W. Rep. 60; *State* v. *District Court,* 31 Minn. 354, 17 N. W. Rep. 954; 1 Desty, Tax'n, 397 This property having been assessed and taxed as personal property, as commanded by the statute, it necessarily follows that its enforcement must be accomplished through the same means and channels used in collecting taxes on personal property, and that the same rules of law apply to such collection. This seems to be the theory under which the complaint was framed, as the following allegation as grounds for equitable relief will show, to-wit: "And the county treasurer threatens to proceed at once with the collection of such taxes, and the said officers threaten to, and plaintiff believes will, seize, distrain, and sell the property of this plaintiff," etc. The tax being a personal property tax, the complaint shows no facts which bring the action within any of the exceptions to the general rule that an injunction will not lie to prevent the collection of a personal property tax. The property taxed is not exempt. A constitutional law authorized its taxation, and gave the officers authority to tax it. No facts are pleaded or shown that can reasonably be said to show that there exists no remedy at law, or that irreparable damage will follow if the injunction be not granted. That an injunction will not be granted to restrain the collection of a personal property tax, except in certain cases, has recently been held by this court, and the great weight of authority favors such holding. *Schaffner* v. *Young,* 10 N. D. 245, 86 N. W. Rep. 733. The facts of the case at bar do not bring it within any of the exceptions to that rule. Neither the complaint nor the evidence shows any facts warranting a court of equity interfering with the collection of taxes

on personal property. The plaintiff had an adequate remedy at law, and should have resorted to it, and could thereby have prevented a multiplicity of suits and any seizure of its property. *St. Anthony Elev. Co.* v. *Bottineau Co.,* 10 N. D. 346, 83 N. W. Rep. 212, 50 L. R. A. 262.

It follows that the judgment of the district court must be affirmed. All concur.