THE CITY OF CEDAR FALLS, IOWA, Appellant, v. W. A.
GENTZER, Appellee.

Transient Merchants: REGULATION BY ORDINANCE. Code, section
700, relating to the power of cities over transient merchants is
authority for an ordinance imposing a license fee on one en-
gaged in taking orders for goods on his own account, which
are filled by a wholesale house and shipped to him for deli-
very, he paying for the goods at wholesale, and collecting the
retail price from his customers.

*Appeal from Blackhawk District Court.*—HON. F. C.
PLATT, Judge.

WEDNESDAY, MAY 4, 1904.

The defendant was arrested for a violation of an ordi-
nance of the city of Cedar Falls. On trial before the mayor
of the city he was convicted. He appealed to the district
court, where trial was had before the court without a jury,
resulting in his discharge and a judgment against the city
for costs. The city appeals.—*Reversed.*

*W. H. Merner* for appellant.

*Reed & Tulhill* for appellee.

BISHOP, J.—The city of Cedar Falls is in Black Hawk
county, and defendant lives in Waterloo, in the same county.
The business of defendant consists in soliciting orders for
groceries from consumers, and thereafter making delivery
of the goods ordered. His method involves the sending of

the orders secured by him to a wholesale house in Davenport, accompanied by a sum of money sufficient to cover the wholesale cost thereof, whereupon the goods are put up in separate packages to correspond to the respective orders, and properly labeled, and the whole then boxed and shipped to Cedar Falls, addressed to defendant. Collections are made by defendant on delivery of the goods, and the amounts collected, less the cost price, represents his compensation or profit. The ordinance of the plaintiff city under which defendant was arrested provides, in substance, that no traveling or transient merchant or other temporary dealer in goods, etc., shall sell or offer for sale goods within the limits of the city without first procuring a license; and every person who solicits orders from house to house for the future delivery of goods, or who shall deliver goods previously sold by a solicitor at retail on an order for future delivery, shall be construed a transient merchant, and shall pay the license fee required. Defendant having failed to procure a license, his arrest followed.

The only question made in argument has relation to the authority of the city to require a license, where it appears that the person in question is engaged in taking orders for goods, and subsequently making delivery of the goods so ordered. It is a question of power, and, under familiar doctrine, the source thereof must be found in the statute granting powers to municipalities. By section 700 of the Code it is provided that cities and towns "shall have the power to define by ordinance who shall be considered transient merchants," and "to regulate, license, and tax their sales." It is said that the powers granted to municipal corporations are to be strictly construed, and this is true. But, conceding this, there was the power in the city to designate and to impose a license fee, and this, we think, is all it had undertaken to do. The contention is made, however, that one transacting business as he is shown to have done is not a merchant within the ordinary meaning and acceptation of that word; that the Legislature did not intend to authorize the designation of one as a merchant who was not one in fact; and that as one

of a class he could not be made a merchant by the mere pas-
sage of an ordinance. It may be that one who merely solicits
orders for goods on behalf of a merchant is not himself a mer-
chant. But defendant was not engaged in soliciting orders
on behalf of another; he was engaged wholly in his own busi-
ness. The goods for which he had orders were bought by
him of the wholesale house, and when shipped they were his
goods. His customers were in no sense the customers of the
wholesale house. The Century Dictionary defines a merchant
to be one who is engaged in the business of buying commercial
commodities and selling them again for the sake of profit.
Webster's definition is "one who traffics or carries on trade,
especially upon a large scale; one who buys goods to sell
again; any one who is engaged in the purchase and sale of
goods; a trafficker, a trader." Practically the same defini-
tion will be found in the law dictionaries. See Anderson and
Bouvier. "A merchant is defined as one who is engaged in
the purchase and sale of goods. * * * The business of
merchandising includes both buying and selling." *Minne-
apolis, etc., Co. v. Clay County,* 60 Minn. 522 (63 N. W.
Rep. 101). In our view, the business in which defendant
was engaged was such that he came within a class properly
designated as transient merchants, of whom the city was au-
thorized to collect a license fee.

It follows that the trial court was in error, and the judg-
ment must be and it is REVERSED.