STATE OF IOWA, EX REL, etc., Appellee, v. C. E. NELSON, Appellant.

**Transient merchants:** LICENSE. One employed as a traveling salesman to solicit orders for goods, by means of samples, from consumers, or to deliver the same on behalf of another, is not a transient merchant and cannot be required by a city ordinance to procure a license for that purpose.

*Appeal from Keokuk District Court.*— HON. B. W. PRESTON, Judge.

WEDNESDAY, NOVEMBER 15, 1905.

THE defendant was convicted before the mayor of the town of Sigourney of having violated an ordinance of said town, and he appealed to the district court, where he was again convicted. He now appeals to this court.— *Reversed.*

*Brown & Willcockson,* for appellant.

*Stockham & Hamilton,* for appellee.

BISHOP, J.— The ordinance in question is entitled "An ordinance in relation to licensing traveling or transient merchants," and in substance provides that:

Section 1. No traveling or transient merchant, or other temporary dealer in goods, wares and merchandise shall sell or offer for sale any goods, etc., within the limits of the town without first procuring a license for which he shall pay, etc.

Section 2. . . . And every person who shall within the limits of the town solicit orders from house to house, for the future delivery of goods, etc., whether sample or not, and any person who shall deliver goods, etc., previously sold by solicitor at retail or an order for future delivery, shall be construed a transient merchant, and shall pay the license fee herein required.

Section 3 makes a violation of the ordinance a misdemeanor.

Defendant resides in the city of Ottumwa, this State, and is in the employ of the Wilkenson Tea & Coffee Company, of that city, as a traveling salesman, receiving a stated salary and expenses. The manner of doing business was that defendant traveled to other towns, and, by exposing samples furnished by his employers, solicited orders from consumers direct; that the orders taken were by him sent to his employers by mail, and, if approved and accepted, the goods were prepared for shipment — the order of each purchaser being separately prepared and marked — and the whole then shipped in one package, consigned in the name of the defendant;

that upon receipt of the goods defendant made delivery to the several purchasers, collected the purchase price, and remitted the same to his employers; that an account was kept by the company with each individual customer, and payments by each were so credited as received.

The principal contention of appellant — and the only one necessary to be considered — is that, as defendant was not shown to have been a transient merchant, the town had no authority to require of him payment of a license fee. This contention, we think, must be sustained. While the cases are not all agreed as to what constitutes a transient merchant, or peddler, still it is clear that one engaged simply in soliciting orders or making delivery of goods on behalf of another is not a merchant. He is a medium through which a merchant communicates with his customers. What is accomplished is no more than as if the merchant had made use of the mails or telephone to solicit orders, and of an express or transfer company to make deliveries. If, therefore, the ordinance in question could be said to include by intention — what it does not by words — agents in its definition of transient merchants, it cannot be upheld. Code, section 700, gives to cities and towns power to define by ordinance who shall be considered transient merchants — that is, what merchants shall be considered as transient; but it cannot be construed as a grant of power to declare those persons to be merchants who, by universal acceptance in the business world, are not such. *City of Waukon v. Fisk,* 124 Iowa, 464; *Davenport v. Rice,* 75 Iowa, 74; *Stuart v. Cunningham,* 88 Iowa, 191; *Jewell v. Board,* 113 Iowa, 47; *Wausau v. Heideman,* 119 Wis., 244 (96 N. W. 549); *Cedar Falls v. Gentzer,* 123 Iowa, 670. The latter case is cited by counsel for appellee as an authority to sustain the judgment. The fact that the defendant there was a merchant engaged in selling his own goods distinguished the case. The case of *Iowa City v. Newell,* 115 Iowa, 55, is not in point. There an ordinance requiring the payment of a license by persons

making sales of goods at auction was involved, and the question presented by the instant case does not appear to have ·been made by the record.

It follows from what we have said that the defendant should not have been convicted, and the judgment is *reversed.*