HENRY ESPESETH, Appellant, v. W. J. HAYES, Individually and as Sheriff, W. L. Peterson and T. P. Lynch, Deputy Sheriffs, Respondents.

(205 N. W. 731.)

**Taxation — taxpayer refusing to pay personal property tax because of disagreement as to amount of costs not entitled to enjoin collection by distress and sale.**

A taxpayer who does not pay his personal property tax, concededly due and delinquent, because of a disagreement and controversy with the collecting officer as to the amount of the costs sought to be charged, is not entitled to equitable relief against the collection thereof by distress and sale, where he has neither paid nor tendered the amount of the tax and costs properly chargeable.

Opinion filed October 22, 1925. Rehearing denied Nov. 13, 1925.

Taxation, 37 Cyc p. 1271 n. 57.

Appeal from the District Court of Divide County, *Lowe,* J. Affirmed.

*E. J. McIlraith,* for appellant.

*G. S. Wooledge* and *E. O. Hanson,* for respondents.

NUESSLE, J. This action is brought to enjoin the defendant, who is the sheriff of Divide county, from selling personal property of the plaintiff distrained for 1923 delinquent personal property taxes. At the commencement of the action the district court issued a temporary order restraining the defendant from selling the property until the further order of the court. Thereafter, the defendant demurred to the plaintiff's complaint on the ground that the same did not state facts sufficient to constitute a cause of action, and moved for a vacation of the temporary order. The court sustained the demurrer and vacated the order. Whereupon the plaintiff perfected the instant appeal.

Note.—As to necessity of tender of amount of tax actually due before injunction will be allowed, see annotation in 16 L.R.A.(N.S.) 807; L.R.A.1916A, 978; 26 R. C. L. 465; 4 R. C. L. Supp. 1666, 5 R. C. L. Supp. 1414.

The plaintiff, in his complaint, alleges that the defendant, Hayes, is the sheriff of Divide county; that the plaintiff is a citizen and taxpayer of that county; that in February, 1925, personal property taxes assessed against the plaintiff in Divide county for the year 1923 were unpaid and delinquent in the sum of $33.57; that the defendant, as sheriff, came to the premises of the plaintiff, distant seventeen miles from the county seat of Divide county, for the purpose of collecting said delinquent taxes and demanded the same together with the sum of $5 for livery and mileage. That the plaintiff refused to pay any costs of collection; that thereupon the sheriff levied upon certain personal property of the plaintiff and will sell the same to pay said taxes and costs unless restrained; that the defendant is arbitrarily, fraudulently, and unlawfully pursuing the same course with other delinquent taxpayers of Divide county and thereby exacting excessive amounts as costs, and unless restrained will continue so to do. That unless the defendant is restrained from proceeding with such sale the plaintiff and others similarly situated will suffer irreparable loss and injury; that they have no speedy and adequate remedy at law; that recourse at law against the defendant to recover any unlawful charges thus exacted will result in a multiplicity of suits.

The defendant contends that the complaint does not state facts sufficient to entitle the plaintiff to the equitable relief that she seeks; that the plaintiff has, at no time paid, or tendered, the amount of the tax which is past due and delinquent, or any costs attendant upon the collection of the same; that it does not appear from the facts pleaded that the charges sought to be collected are illegal and excessive; that in any event, he has an adequate remedy at law. On the other hand, the plaintiff contends that the costs sought to be collected by the defendant are unlawful and are being exacted pursuant to an unlawful and fraudulent scheme on the part of the defendant to enrich himself at the expense of the plaintiff and other delinquent taxpayers; that to require them to resort to actions at law to recover excessive sums paid as costs will result in a multiplicity of suits.

It is to be noted first that there is no controversy regarding the legality of the delinquent tax, or the amount of the same. Plaintiff concedes that he owes this tax and that it is delinquent. He concedes as well, the duty and authority of the defendant as sheriff to collect the

delinquent tax by distress. He admits that it is proper to charge some costs against him because of such collection. But he denies that the sheriff is entitled to charge the full amount of costs demanded. He contends that mileage at the rate of five cents per mile only may be charged and collected, and that the amount sought to be collected exceeds that. The plaintiff, however, has not paid, nor has he offered to pay, the taxes thus concededly delinquent, nor has he paid, or offered to pay, such costs as he concedes the sheriff might properly collect. It is impossible to determine either from the allegations of the complaint or from the argument of the plaintiff in his brief what the amount of the costs is which he concedes may be taxed and collected. In any event the excess which he complains of is insignificant. It seems to us that the plaintiff coming thus into court, comes without the first prerequisite to the relief that he prays. Seeking equity he must do equity. The rule was long ago declared in this state consistent with the great current of authority that:

"Courts of equity should, in general, interfere to restrain the collection of a tax, or annul tax proceedings, only where it appears either that the property sought to be taxed is exempt from taxation, or that the tax itself is not warranted by law, or the persons assuming to assess and levy the same are without authority so to do, or where the proper taxing officials have acted fraudulently; and, in addition, plaintiff must bring himself within some recognized head of equity jurisdiction; and in the absence of statutory provisions regulating the subject, as a condition to relief in equity, the applicant must pay or tender the amount of taxes properly chargeable against his property."

The rule thus declared in Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191, has been steadfastly followed. See Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260; Douglas v. Fargo, 13 N. D. 467, 101 N. W. 919; Bismarck Water Supply Co. v. Barnes, 30 N. D. 555, L.R.A.1916A, 965, 153 N. W. 454; Hughes Electric Co. v. Hedstrom, 50 N. D. 522, 197 N. W. 133.

Passing all other questions without consideration, it is enough to say that since plaintiff has not paid or offered to pay the amount of his tax, and costs properly chargeable, he clearly is not entitled to the relief for which he prays. It follows that the order of the District

Court sustaining the demurrer and vacating the temporary injunction was right and must be affirmed.   It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.