PEDRICK and others, Appellants, vs. THE CITY OF RIPON and others, Respondents.

*February 19 — March 12, 1889.*

*Equity: Injunction: Municipal corporations.*

Where nothing has been done further than the adoption by the common council of a resolution that the mayor and city clerk take immediate steps to let a contract for the construction of waterworks for the city, a court of equity will not interfere, at the suit of tax-payers, to enjoin the threatened enforcement of such resolution, even though its adoption by the council was unauthorized.

APPEAL from the County Court of *Winnebago* County. The facts are sufficiently stated in the opinion.

For the appellants there was a brief by *Henry J. Gerpheide* and *J. Dobbs*, and oral argument by *Mr. Gerpheide*. To the point that plaintiff, on behalf of himself and others similarly situated, can maintain this action to restrain defendants from enforcing the resolution, they cited High on Injunctions, secs. 367, 793–4; *Dean v. Madison*, 9 Wis. 402; *Heywood v. Buffalo*, 14 N. Y. 534; *Mayor v. Gill*, 31 Md. 375; *New London v. Brainard*, 22 Conn. 555; *Scofield v. Eighth School Dist.* 27 id. 499; *Delaware Co. v. McClintock*, 51 Ind. 325; *People v. Mayor*, 32 Barb. 35; *Perry v. Kinnear*, 42 Ill. 164; *People v. Mayor*, 32 Barb. 102; *Pullman*

JANUARY TERM, 1889.    623

Pedrick and others vs. The City of Ripon and others.

*v. Mayor*, 49 id. 57; *Whiting v. S. & F. du L. R. Co.* 25 Wis. 167; *Peck v. School Dist.* 21 id. 516; *Willard v. Comstock*, 58 id. 565.

For the respondents there was a brief by *Stark & Sutherland*, and oral argument by *Geo. E. Sutherland.* Besides cases referred to in the opinion, they cited *Milwaukee Iron Co. v. Hubbard*, 29 Wis. 51, 59; *Smith v. Oconomowoc*, 49 id. 694, 697.

COLE, C. J. This is an appeal from an order dissolving a temporary injunction. The suit is brought by the plaintiffs for themselves and others similarly situated, to restrain the officers of the defendant city from entering into a contract with any corporation or person for the construction of a system of water-works to supply the city and its inhabitants with water. The plaintiffs are residents and tax-payers of the city, and aver that their taxes will be greatly increased if the city is allowed to carry into execution the purposes and things contemplated and resolved upon as set forth in the complaint. It is alleged that the common council, at a regular meeting in August, 1888, adopted a resolution to the effect that the mayor and city clerk take immediate ·steps for the letting of a contract to some reliable company for the construction of a system of water-works, and that the officers of the city threaten and declare that they intend to enforce this resolution and let a contract in pursuance thereof. This is as far as the officers of the city had proceeded in the matter of constructing water-works, and the question is, Do these facts present a case for the interference of a court of equity, at the suit of a tax-payer, before something further has been done in the premises? It seems to us that these facts furnish no grounds for such interference by way of injunction.

It is said on behalf of the plaintiffs that the common council had no authority to decide upon and erect water-

works, or to enter into a contract for the construction of a system of water-works, without first submitting the question of the construction of such water-works to the voters of the city, as provided by ch. 100, Laws of 1887, and in case a majority of the votes cast should be in favor of the project. It may be conceded that this view is correct; that the common council has no authority either to undertake on behalf of the city the construction of a system of water-works or to enter into a contract with any company or person for the construction thereof, without the electors of the city first vote in favor of such works; but, still, can a tax-payer interfere and arrest the proceedings of the common council before anything has been done to carry the resolution into effect, as by levying and assessing an illegal tax which may be an apparent lien upon real property?

It is very obvious that a court of equity does not sit as a court of errors to review and correct the proceedings of a municipal body, unless they are productive of a peculiar or irreparable injury to the plaintiff. The law upon this subject is well stated by Dixon, C. J., in *Judd v. Fox Lake*, 28 Wis. 583, where, among other things, he says: "The general principle that equity possesses no power to revise, control, or correct the action of public, political, or executive officers or bodies, is, of course, well understood. It never does so at the suit of a private person, except as incidental and subsidiary to the protection of some private right or the prevention of some private wrong, and then only when the case falls within some acknowledged or well-defined head of equity jurisprudence." There has been no assessment of an illegal tax in this case, assuming that the common council would have no authority to assess a tax for the expense of constructing a system of water-works without a vote; nor has that body done anything in the matter except to adopt a resolution that the mayor and city clerk take immediate steps for the letting of a con-

tract to some reliable company for the construction of such works. This is all that has been done by the municipal officers. True, it is alleged that the officers threaten and declare that they intend to enforce this resolution and let a contract for the construction of water-works. But in the *Judd Case* it was held that the fact of voters at a town meeting having voted an illegal tax did not constitute a sufficient ground for enjoining the town officers from assessing or collecting the tax. The reasons why a court of equity will not interfere in such a case are very cogently stated by the chief justice. " The grounds," he says, " are too remote, intangible, and uncertain, and the public inconvenience which would ensue from exercise of the jurisdiction would be enormous. It would lie in the power of every taxpayer to arrest all proceedings on the part of the public officers and political bodies in the discharge of their official duties, and, assuming to be the champion of the community, to challenge them in its behalf to meet him in the courts of justice to defend and establish the correctness of their proposed official acts before proceeding to the performance of them. A pretense more inconsistent with the due execution of public trusts and the performance of official duties could hardly be imagined."

The doctrine laid down in *Judd v. Fox Lake* rests upon sound principles, and the case has been approved and affirmed in subsequent causes which have come before this court. See *West v. Ballard*, 32 Wis. 168; *Nevil v. Clifford*, 55 Wis. 161; *Roe v. Lincoln Co.* 56 Wis. 66; *Gilkey v. Merrill*, 67 Wis. 459; *Sage v. Fifield*, 68 Wis. 546. These decisions are decisive of this appeal. The resolution of the common council, of itself, does the plaintiffs no damage; nor is it clear that that body will proceed to do any unauthorized act under it which will result in injury to their property. Of course such cases as *Peck v. School Dist.* 21 Wis. 516; *Whiting v. S. & F. du L. R. Co.* 25 Wis. 167; and

*Nevil v. Clifford, supra,* stand upon quite different grounds, and the relief granted came within well-settled principles of equity jurisprudence. But here, assuming that the common council would have no power to construct water-works or enter into a contract for such an improvement without a favorable vote of the electors of the city first had, still no tax has been levied or assessed, and at most a mere anticipated or threatened contract has been contemplated, which has ripened into nothing injurious to the plaintiffs or their property, and which may never do so. The aid of a court of equity cannot be invoked in advance to restrain the city officers founded on such a state of facts.

We were requested to construe ch. 100, Laws of 1887, and determine its validity and whether it was binding upon the common council in the matter of contracting for or in constructing water-works on behalf of the city. The validity of that law is not necessarily involved in this appeal, though we have assumed, for the purposes of the case, that the common council should submit the question of constructing water-works to a vote of the electors. But even on that assumption we hold the complaint states no ground for the interference of equity by its writ of injunction. It follows from these views that the order dissolving the injunction was correct and must be affirmed.

*By the Court.*— Order affirmed.