(103 N. W. 748.)

○

E. Torgrinson v. Norwich School District No. 31 et al.

Opinion filed October 25, 1904.

**Taxation — Tax Levy — Injunction.**

> Where the only injury which a taxpayer will suffer through a proposed tax levy, which is claimed to be in part to provide funds for the payment of an illegal claim, is the imposition of a tax upon his property, a court of equity will not interfere at his suit to restrain the levy and suspend the regular course of tax proceedings upon the ground that his injury will be irreparable. When his property rights are invaded by the unlawful imposition of the tax, his remedies at law or in equity, as the case may be, are adequate.

Appeal from District Court, McHenry county; *Palda, Jr., J.*

Action by E. Torgrinson against the Norwich School District No. 31 and others. Judgment for defendants, and plaintiff appeals.

Modified.

*Christiansen & Weber* and *A. M. Christiansen, Morrill & Engerud,* of counsel, for appellant.

An obligation incurred without a levy or appropriation is void. City of Fargo v. Keeney, 11 N. D. 484, 92 N. W. 836; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292.

The constitution forbids taxation except for legally authorized purposes, and the object of every tax must be stated; this forbids using the funds raised by taxation for a purpose different from that for which the levy was made. Smith v. Broderick, 40 Pac. 1033; Schwartz v. Wilson, 17 Pac. 449; City of Indianapolis v. Wann, 42 N. E. 901.

The general fund resulting from tax levies cannot be diverted into a special fund for free text books. The proceedings were void because no bids were advertised for. Under the statute bids must be advertised for and contracts let to the lowest bidder. Tiedeman on Municipal Corporations, section 173; Commissioners v. Templeton, 51 Ind. 226; Follmer v. Michalls Co., 6 Neb. 204; Schum v. Seymour, 24 N. J. Eq. 143; Winn v. Shaw, 25 Pac. 968; McCloud et al. v. City of Columbus, 44 N. E. 95; Frame v. Felix, 27 L. R. A. 802; Fones Bros. Hdw. Co. v. Erb, 13 L. R. A. 353; Colorado Paving Co. v. Murphy, 37 L. R. A. 630; Dillon on Mun. Corp. (4th Ed.) 466.

The resolution to adopt free text books was merely executory and could be rescinded. Waukesha Hygeia M. S. Co. v. Village of Waukesha, 53 N. W. 675; Tilden v. Board of Supervisors, 41 Cal. 68.

Where the contract was put into execution the board could not rescind or repudiate it. State of Louisiana v. Pillsbury, 105 U. S. 278, 26 L. Ed. 1090; Hanna v. Putnam Co., 29 Ind. 170; Nelson v. Milford, 7 Pick. 18; Hall v. Holden, 116 Mass. 172; Northampton Co.'s Appeal, 57 Pa. St. 452; Indianapolis v. Gas Co., 66 Ind. 396; State v. Board, 35 Ohio St. 368; State v. Hastings, 15 Wis. 75.

A contract for copyrighted books selected before advertising for bids is against public policy and void. Fishburn v. Chicago, 39 L. R. A. 482; Nicholson Pavement Co. v. Painter, 35 Cal. 699; Dean v. Carlton, 23 Wis. 590, 99 Am. Dec. 205; 1 Dillon on Mun. Corp. (4th Ed.) section 467.

The plaintiff as a taxpayer has the inherent right to enjoin any unlawful expenditure of public money and to prevent by injunction the making of any contract or the taking of any action that will result in the unlawful expenditure of public money or the unlawful issuance of warrants or other evidence of debt. Fones Bros. Hdw. Co. v. Erb, 13 L. R. A. 353; Honaker v. Board of Education, 32 L. R. A. 413; Colorado Paving Co. v. Murphy, 37 L. R. A. 630; 2 Dillon Mun. Corp. (4th Ed.) sections 914, 915, 1106; Furrer v. Ferris, 145 U. S. 132, 12 Sup. Ct. Rep. 821; Grannis v. Board of Commissioners, 83 N. W. 495; Americus v. Perry, 57 L. R. A. 230; Rushville v. Rushville Natural Gas Co., 15 L. R. A. 321; Sanford v. Poe, 60 L. R. A. 641; McLain v. Maricle, 83 N. W. 85; Barry v. Goad, 26 Pac. 785; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Roberts v. City of Fargo, 10 N. D. 230, 86 N. W. 726.

If an unlawful contract has been executed the remedy is not barred if the contract is intrinsically ultra vires. Such a contract cannot be ratified nor be barred by laches. Storey v. Murphy, supra; Engstad v. Dinnie, supra; Beach Pub. Corp., section 248; Northern Bank of Toledo v. Poster Twp. Trustees, 110 U. S. 608, 28 L. Ed. 258.

Where the facts are undisputed upon which the plaintiff is entitled to the relief sought, it is an abuse of discretion to deny it. Donovan v. Allert, 11 N. D. 289, 95 Am. St. Rep. 720; Sharpe v. Kennedy, 51 Ga. 257; Summerville v. Reid, 35 Ga. 47; Byrd v. Johnson, 38 Ga. 113; Hinman v. Paper Co., 10 N. W. 160; Martin v. Luger Furniture Co., 8 N. D. 220, 77 N. W. 1003.

The court erred in allowing $50 motion costs. The statute limits such costs to $25. Rev. Codes 1899, section 5589. Costs are entirely under legislative control. 5 Enc. Pl. & Pr. 110, 111.

*Benton, Lovell & Holt,* for respondents.

The constitutional restriction upon indebtedness contained in section 184 applies only to interest-bearing obligations extending over a period of years. Carter v. Thorson, 5 S. D. 474, 59 N. W. 469; Herman v. City of Oconto, 86 N. W. 681; Tatham et al., Appeal, 80 Pa. St. 465; Appeal of Lehigh Coal & Nav. Co., 5 Atl. 231.

In view of the size of Deep River school district, the purchase of the books in question was a trifling and ordinary expenditure incident to carrying on the schools of the district. Such expenditures

are not within the constitutional prohibition. Dwyer v. City, 65 Tex. 526; Corpus v. Woessner, 58 Tex. 462; Leonard v. Long Island City, 20 N. Y. Supp. 26; Tucker v. Raleigh, 75 N. C. 267; Appeal of Lehigh Coal & Nav. Co., 5 Atl. 231; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292.

It has not been pleaded nor proved that there were not enough funds on hand or available from anticipated revenues, not otherwise appropriated, to meet the purchase of the books; if this is true the constitutional restriction cannot have been violated. Brashear v. City of Madison, 142 Ind. 685, 36 N. E. 252, 42 N. E. 349, 33 L. R. A. 474; South Bend v. Reynolds, 49 L. R. A. 795; Winston v. City of Fort Worth, 47 S. W. 741.

If the district had the power to make the purchase of the text books in question by making a levy for the purpose, it must be held to have ratified the purchase by accepting and using the text books and it is liable for the purchase price. Stevens v. District, 35 Iowa, 462; Bellows v. District Twp. of West Fork, 30 N. W. 582; Union School Furniture Co. v. School District No. 60, Elk County, 32 Pac. 368; Jones v. School District No. 3 of Iosco, 68 N. W. 222; Andrews v. School District No. 4, 33 N. W. 217.

The constitutional provision relied on does not apply to a purchase such as is sought to be defeated by this action. City of Denver v. Webber, 63 Pac. 804; Carlton v. City of Washington, 17 Pac. 656; Hanna v. Wright, 89 N. W. 1108.

YOUNG, C. J. The plaintiff has appealed from an order vacating a temporary injunction. The action in which the restraining order was issued was instituted by the plaintiff as a taxpayer of Deep River school district, in McHenry county, to enjoin a tax levy to pay for certain school books which had theretofore been sold and delivered to said district by Rand, McNally & Co., and were in use for more than a year when the action was instituted. The order dissolving the temporary injunction was made upon an order to show cause, and was based upon the complaint and answer and a number of affidavits and after a full hearing.

The complaint consists of sixty-three paragraphs. Among other things it alleges, in substance, that the plaintiff is a resident and taxpayer in Deep River school district; that on July 8, 1903, said district was divided into a number of new districts created from the same territory; that in September, 1903, pursuant to the provisions of sections 731, 732, 733, Rev. Codes 1899, each of said

districts so created appointed an arbitrator, and that said arbitrators met "as required by law, and proceeded to take an account of the assets, funds on hand, and the debts belonging to or chargeable against and to each of said school corporations;" that in making said equalization said arbitrators took into account and allowed as a debt against Deep River school district certain bills for books alleged to have been purchased from Rand, McNally & Co.; that said board is about to levy and apportion the amount so allowed upon the several school corporations into which said original school district was divided, and "threatens to and is about to levy against" said school districts "a large portion of said indebtedness so apportioned," and intends to include therein the alleged debt claimed to be due said Rand, McNally & Co., and threatens to certify the same to the county auditor of McHenry county in the manner prescribed by law, and the county auditor "is about to accept the said statement and levy, and threatens to extend the same against the taxable property of the said respective school corporations;" that the plaintiff "will be irreparably injured unless the acts complained of are enjoined, and that his burdens of taxation will be increased, and the public funds and assets of said school districts wasted, unless the relief prayed for is granted." The complaint sets out the written contract under which the books were furnished, and alleges in great detail the ground upon which it is claimed that the purchase of books from Rand, McNally & Co. was without authority of law; and also alleges that the school board entered into another contract to purchase its books from a rival book concern, namely, the American Book Company, which contract plaintiff alleges is legal and binding upon the district. The real controversy is between the two rival book concerns. The plaintiff champions the cause of the American Book Company, which thus far has not succeeded in having its books accepted and used by the district, and as a taxpayer seeks to enjoin a tax levy to pay for the books which were accepted from Rand, McNally & Co. His prayer is that the board of arbitrators be enjoined and restrained from taking into account any part of the alleged debt to Rand, McNally & Co., and that the county auditor be enjoined from accepting or receiving from the arbitrators any statement or levy, and from extending against the taxable property of said school corporations any part or portion of said levy based upon and including the Rand, McNally & Co. debt; that the contracts with Rand, McNally & Co. be set aside, and that a temporary restraining order be issued.

The directors of Deep River school district, and of the several school districts created therefrom, the board of arbitrators, the county auditor, superintendent of schools, and Rand, McNally & Co. were made defendants. The temporary injunction restrained the defendants from taking into account the purchase of books from Rand, McNally & Co., and from issuing orders on the several school boards, and from "certifying such alleged indebtedness to the county auditor."

The duty and authority of the board of arbitrators is set out in section 732, Rev. Codes 1899, and is as follows: "Such board shall take an account of the assets, funds on hand, the debts properly and justly belonging to or chargeable to each corporation or part of a corporation affected by such change, and levy such a tax against each as will in its judgment justly and fairly equalize their several interests."

Section 733, Rev. Codes, provides that the levy of the board of arbitrators upon the several school corporations shall be certified to the county auditor, and that "such levy shall be deemed legal and valid upon the taxable property of each corporation."

From the foregoing it will be seen that the real purpose of the action was to enjoin a tax levy, and upon the ground that the board of arbitrators, which was clothed with authority to pass upon the obligations of the original district and to make the levy, was about to allow an item which plaintiff claims is illegal and should not be allowed, and to levy a tax therefor. The question presents itself at the outset whether, upon the facts stated in the complaint, a court of equity will enjoin the levy, and whether the complaint states facts entitling the plaintiff to the remedy which he seeks. We are of the opinion, for reasons hereinafter stated, that it does not, and we reach this conclusion without regard to the merits of the controversy as to the legality of the contract in question. It follows from this conclusion, necessarily, that the temporary injunction was properly vacated, and that the order appealed from must be affirmed.

The plaintiff does not rest his right to equitable relief upon the ground that a multiplicity of suits will result if it is not granted, neither does the complaint present a case of threatened diversion of school funds. The orders which it is alleged the board of arbitrators is about to issue are without authority in the statute, and will create no liability against the school districts. It is not alleged that any officers having control of the school funds are about to pay the debt in question or that there are funds in existence from which it

could be paid. On the contrary, the plaintiff's position is that the board of arbitrators intends to allow this claim and to provide for its future payment by a tax levy, and that his property will have to bear its share of the illegal exaction unless the levy is enjoined. The only ground for the interference of equity which can be urged upon these facts is that the plaintiff will be irreparably injured unless the levy is enjoined, and that is the real contention. This ground cannot be sustained. Assuming, for the purpose of this case, merely that the item in question is illegal, what of it? There is a mere threat by the board of arbitrators to levy a tax which, in due course, may become a charge upon the plaintiff's property. But will the levy which he seeks to enjoin invade his property rights? Will his property be taken or destroyed by the levy so that it may be said that he is irreparably injured? We think not. The threatened levy is upon the entire district. It is only when his share of the levy shall be ultimately apportioned and made a charge upon his property that it can be said that his rights have been invaded, and as against such invasion he will have adequate remedies, either at law or in equity, as the case may be, without interrupting the acts of the officers charged with the duty of making the levy. In case the tax is upon his personalty, he may pay it under protest and sue to recover it back. Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; Railway Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260. This remedy is deemed adequate. And he has his remedy when it clouds the title to his realty. He will then have his remedy in equity to remove the cloud, but he may not enjoin the official action of the taxing officers in advance of the actual invasion of his property rights by the imposition of a tax upon his property. The reasons for this rule are well stated in Miller v. Grandy, 13 Mich. 540. In that case the electors of a township at a regular meeting had voted to refund moneys advanced to pay bounties to volunteers in the civil war. A taxpayer filed a bill on behalf of himself and all other taxpayers against the members of the board to restrain them from allowing any accounts for moneys advanced for bounty, and to restrain the clerk from issuing orders on said accounts if allowed, and the supervisors from inserting any amounts on the assessment roll. The complainant sought to sustain his bill upon the grounds: First, a special interest in protecting his taxable property; and, second, his interest in common with all taxpayers. Both grounds were denied. In that case it was said: "Before the extraordinary relief of an injunction against the action of municipal boards in their

public capacity can be granted, where it will at all interfere with their strictly public functions, a court of equity must have full allegations of the precise rights which will be injured, and must see that without its aid an injury will result which cannot be adequately remedied otherwise. When such a case arises, public consideration may impose serious obstacles, which may even then prevent interference. * * * We feel confident that no case can be found which recognizes any propriety in enjoining the preliminary proceedings, in advance of the actual levy of a tax, on either personalty or realty. Apart from the palpable difficulty of determining in advance whether the complainant will be in a condition to be injured when the tax is assessed, it is always to be remembered that under our system taxes must be provided for at regular times, and by annual and somewhat rapid proceedings. They are assessed against entire districts at once, and the staying of proceedings on behalf of one person stops the revenue system of the entire community. Before a suit in chancery could be regularly brought to a hearing on proofs in the circuit court (to say nothing of the hearing on appeal), the time for action by the local officers would have gone by. No court could ever be justified in such an interference with the necessary course of government. After a tax has been assessed and becomes collectible, each man's share becomes severable from the rest, and delaying its payment will not necessarily operate upon his neighbors. When his land is in danger of being affected by a cloud upon its title, a sufficiently clear case will then enable him to be relieved. Palmer v. Rich, 12 Mich. 414. But until that danger arises he cannot ask protection, and where nothing but personalty is concerned the circumstances must be very peculiar which will warrant equitable interference. These principles are familiar, and rest on good sense and sound policy. The present case is an excellent illustration of the necessity of this rule; for, before it had been argued in this court, the town board had lost all power to proceed, and, had an injunction been granted and kept alive up to this time, a decision in favor of the authority of that body would not have aided them at all. Their whole functions, in respect to the proceedings complained of, would have been destroyed without any hearing on the merits. Such results demonstrate the impropriety of any interference, while their preliminary action has not been consummated." The reasons advanced in support of the rule laid down in the foregoing case were sustained and amplified in the opinion of Judge Cooley in Youngblood v. Sexton, 32 Mich. 406, 20 Am. Rep. 654.

In Judd v. Town of Fox Lake, 28 Wis. 583, it was held that the mere fact that the voters of a town meeting had voted an illegal tax was not sufficient ground for enjoining the town officers from assessing or collecting the tax; and, further, that equity would not interfere with public officers at the suit of a private person until they had actually done some act in violation of his legal rights or threatening him with irreparable injury. In that case a town meeting had voted to raise $500 by taxation for a purpose alleged to be illegal, and an injunction was sought by a taxpayer. It was denied. The court said: "It is, supposing the resolution of the voters in town meeting to have been unauthorized, and the proposed tax illegal, at most a mere anticipated or threatened invasion of the legal rights of the plaintiffs, which as yet has ripened into nothing injurious or detrimental to them at all, and perchance may never do so, but which, if it ever should, would not in its nature be irreparable, but might be redressed by the ordinary processes known to courts of law and equity. Should the officers of the town attempt to carry the resolution into effect, and assess a tax wholly unauthorized and illegal, as the complaint charges, the plaintiffs will have their action at law to recover back the money if paid under protest or on levy or distress of personal property; and if the same be extended against their real estate, they will also have their suit in equity to remove the supposed lien and cloud from their title." The rule laid down in this case has been uniformly followed in Wisconsin. West v. Ballard, 32 Wis. 168; Gilkey v. City of Merrill, 67 Wis. 459, 30 N. W. 733; Sage v. Fifield, 68 Wis. 546, 32 N. W. 629; Pedrick v. City of Ripon, 73 Wis. 622, 41 N. W. 705, 3 L. R. A. 269. See, also, Brodnax v. Groom, 64 N. C. 244; Armstrong v. Taylor County Court, 41 W. Va. 602, 24 S. E. 993; Bardrick v. Dillon, 7 Okl. 535, 54 Pac. 785; Lawrence v. Traner, 136 Ill. 474, 27 N. E. 197; Truesdall's Appeal, 58 Pa. 148; 2 Cooley on Taxation (3d Ed.) 1437.

Counsel for appellant rely upon Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; and Roberts v. City of Fargo, 10 N. D. 230, 86 N. W. 726. These cases, in harmony with the weight of authority, sustain the right of an individual taxpayer to maintain an action to enjoin an unlawful use of public funds. Neither one of the cases referred to involved the right of a taxpayer to enjoin a tax levy. This question has never before been presented to this court.

It is neither necessary nor proper to determine whether the complaint states sufficient grounds for other relief or whether upon the

record the plaintiff was entitled to an order restraining other acts. No such questions are involved. This appeal is from the order vacating the temporary injunction which, and in terms, among other things, restrained the tax levy. Appellant asks to have the order restored; in other words, to have the levy enjoined. This, as we have seen, may not be done.

The trial court allowed $50 motion costs. This was error. Section 5589, Rev. Codes 1899, limits the amount to $25, and the allowance will be reduced to that sum.

The order vacating the temporary injunction, but modified as to costs, must be affirmed.

MORGAN, J., concurs.

ENGERUD, J., having been of counsel, not participating.
(103 N. W. 414.)