[File No. 6743]

HOME OWNERS' LOAN CORPORATION, a Corporation, Respondent, v. R. L. WRIGHT, as County Treasurer of Williams County, North Dakota, Appellant.

(299 NW 860)

236

Opinion filed July 29, 1941. On rehearing August 28, 1941

*Eugene A. Burdick,* State's Attorney, and *William R. Pearce,* Assistant Attorney General, for appellant.

*Henry E. Johnson* (*Ray E. Dougherty, Mose Silverman* and *Oscar G. Abern* of counsel), for respondent.

Morris, J. This is an appeal from an order overruling a demurrer to the plaintiff's complaint. The demurrer challenges the sufficiency of the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.

The pertinent facts stated in the complaint may be summarized as follows: The plaintiff took a mortgage on certain real property in the city of Williston, Williams county, North Dakota, on December 26, 1935, and caused its mortgage to be recorded in the office of the register of deeds of Williams county on December 31, 1935.

Plaintiff's mortgage provides "that in the event the mortgagors shall fail or neglect to pay the real estate taxes levied and assessed against said premises when the same become due, the mortgagee is authorized to pay the same and add the same to the principal due under its mortgage, which sum so paid shall bear interest at the same rate that the principal sum bears."

Certain personal property taxes of the mortgagor for the year 1938 were in 1940 certified by the proper officials as a lien upon the premises covered by the mortgage. This action was taken pursuant to chapter 242, ND Session Laws 1929.

On February 15, 1940, the plaintiff offered to pay real estate taxes then due upon the premises in the sum of $63.81. At that time, personal property taxes of the mortgagor had been extended and entered as a lien against the real estate amounting to $21.56. The defendant herein, county treasurer of Williams county, refused to accept payment of the real estate taxes without payment at the same time of the personal property taxes. In order to protect its interest under the mort-

gage, the plaintiff paid the personal property taxes on February 20, 1940, under protest.

After payment was made, the plaintiff made application for an abatement pursuant to the provisions of chapter 286, ND Session Laws 1931. Upon refusal of the Board of County Commissioners of Williams county to grant the abatement, this action was brought to recover the personal property taxes thus paid under protest. The plaintiff takes the position that the legislature did not intend that the provisions of subsection (e) of § 1, chapter 242, ND Session Laws 1929 should apply to the plaintiff so as to prevent it from paying real estate taxes without paying the mortgagors extended personal property taxes and that if construed to so apply, it impairs the obligation of plaintiff's mortgage contract and deprives the plaintiff of its property without due process of law in violation of § 13 of the Constitution of North Dakota and § 1 of article 14 of the amendments to the Constitution of the United States.

Chapter 242, ND Session Laws 1929, is entitled, "An Act to amend and re-enact §§ 2174 and 2188 of the Compiled Laws of North Dakota 1913, relating to collection of personal property taxes, making personal taxes a lien on real estate and relating to duties of county auditors and county treasurers."

We quote the paragraphs of this Act pertinent to the controversy with italics supplied:

"(d) Personal Taxes Made a Lien on Real Estate by Resolution of County Board. The board of county commissioners, immediately following the cancellation of uncollectible delinquent personal property taxes at its January meeting, as provided in section 2169, shall, by formal resolution, declare that all unpaid and uncancelled personal property taxes *from and after the date of the extension and entry thereof* as hereinafter provided constitute a lien on any real estate owned by the tax delinquent or which may thereafter be acquired by the tax delinquent, and shall in addition to such action make said tax a specific lien on a specific description or on specific descriptions of real estate owned by the tax delinquent *as of the date of the extension and entry thereof as hereinafter provided.*"

"(e) Extension of Lien by Auditor. The county auditor shall extend to and enter upon the tax list of the next preceding

year, then in the hands of the county treasurer, in an appropriate column or columns for remarks opposite the descriptions of real estate designated by the board of county commissioners, belonging to any person, company or corporation owing such uncollected personal property tax, words showing the year or years for which the tax remains due and the principal sum of such tax. Such entry shall be made without regard to any prior payment of real estate taxes on said descriptions for the said preceding year. *The county treasurer shall after the date of such entry be without authority to accept payment of the real estate tax on any such description without making collection at the same time of the said personal property tax extended as a lien against the same."*

It is well to also note the provisions of § 2186, ND Comp. Laws 1913, as amended by chapter 279, ND Session Laws 1931, which provide, "Taxes upon real property are hereby made a perpetual paramount lien thereupon against all persons, firms or corporations, except the United States and the state. All taxes shall, as between vendor and purchaser, become a lien upon real estate on and after the 31st day of December in each year. Taxes on personal property charged upon and spread against real property shall be, and they are hereby declared to be a lien upon such real property from and after the date when such personal property taxes are charged and spread against such real estate. The liens enumerated in this Section shall include all costs, penalties, interest, charges and expenses of and concerning such taxes which by the provisions of law shall accrue, attach or be incurred. The lien of personal property taxes charged against real estate shall have priority over any and every judgment, mortgage or other lien or claim whatsoever placed of record subsequent to the date when such personal property taxes are entered against such real property, except the lien for a tax for a subsequent year which shall have priority over such personal property tax liens formerly charged and spread."

The defendant concedes that the lien for personal property taxes is subsequent and inferior to that of the plaintiff's mortgage. The foregoing statutes could not be construed otherwise. The question of superiority between personal property tax liens created by statute on real estate and mortgages prior in point of time have been before many courts. Union Cent. L. Ins. Co. v. Black, 67 Utah 268, 247 P 486; 47 ALR 372 and note; Scottish American Mortg. Co. v. Minidoka

County, 47 .Idaho 33, 272 P 498, 65 ALR 663 and note; Maricopa County v. Equitable Life Assur. Soc. 42 Ariz 569, 28 P(2d) 821; Home Owners' Loan Corp. v. Phœnix, 51 Ariz 455, 77 P(2d) 818; Home Owners' Loan Corp. v. Mitchell, 195 Wash 302, 81 P(2d) 268. The foregoing authority discloses considerable lack of uniformity. This fact need not disturb us, however, since in this state our statutes only give priority of the lien of personal property taxes charged against the real estate over other liens or claims placed of record subsequent to the entry of the personal property taxes against the real estate.

The plaintiff argues that since its lien is superior to that of the personal property taxes, the legislature could not have intended that the county treasurer be required to refuse payment from the plaintiff of the real estate taxes without the extended personal property taxes. This assertion is a non sequitur with respect to the receipt of tax moneys by the county treasurer. He is a ministerial officer. Assessments are made, taxes computed, and liens extended by other officers of the county and its subdivisions. The legislature intended that he should collect the amount that his tax books show is charged against the various descriptions of real estate. It did not choose to place upon the county treasurer the duty to differentiate between a party seeking to pay taxes as a prior lienor and a party seeking to pay them as a subsequent lienor or owner; or to place upon him the burden of determining the validity or priority of a lien by virtue of which someone other than the property owner might seek to pay but a part of the tax due as shown by the treasurer's books. Records of titles and liens are kept in the office of the register of deeds and frequently present difficult and complex questions of validity and priority not within the field of knowledge of the county treasurer. He is not required to be a title expert.

The legislature has spoken with clarity. The statute requires the county treasurer to collect the sum that the county commissioners have ordered extended against the real property and the county auditor pursuant to their direction has written on the tax books. The treasurer may not distinguish between those persons who offer or claim the right to pay, be they owners, holders of superior liens or strangers to the title.

The priority of plaintiff's lien is not affected by the statutory requirement as to acceptance of payment by the county treasurer. If in fact, its lien is prior to the lien of the county for extended personal property

taxes, the county is not entitled to keep the personal property tax money if it has been paid under proper protest.

When taxes have been paid under protest pursuant to the provisions of chapter 286, ND Session Laws 1931, recovery may be had if the statute has been followed and facts warrant. The complaint in this action sets forth facts showing that the plaintiff was compelled to pay an inferior personal property tax lien in order to protect its mortgage against the superior lien of real estate taxes. It alleges that payment was made under protest and that the plaintiff has taken the various steps prescribed by chapter 286. The complaint sets forth facts constituting a cause of action for the recovery of the money so paid. The demurrer to the complaint was properly overruled.

The plaintiff challenges the constitutionality of the statutory provision regarding the acceptance by the county treasurer of tax payments where personal property taxes have been extended against the real estate. It paid the extended personal property tax under protest and seeks recovery from the county of the amount so paid. We have decided that the complaint sets forth a cause of action for such recovery under the statutes of this state. That right of recovery is not dependent on any question of constitutionality.

"A court will not assume to pass upon a constitutional question unless the question is properly before it and this does not occur unless the constitutional question must be decided in order to determine the controversy before the court." State ex rel. Stutsman v. Light, 68 ND 513, 281 NW 777; Magnuson v. Breher, 69 ND 197, 284 NW 853.

Under the circumstances here presented, we may not determine questions of constitutionality.

Affirmed.

Burr, Ch. J., and Christianson, Nuessle, and Burke, JJ., concur.

Morris, J. (on petition for rehearing). The appellant has filed a petition for rehearing in which he contends that since we hold that the statute requires the county treasurer to collect extended personal property taxes the collection made in this case was lawful and that chapter 286, ND Session Laws 1931, provides for the refund of only those taxes

that have been "unlawfully collected." He argues that the taxes in this case have been collected lawfully and cannot be refunded even though paid under protest. It is urged that unlawful collection is a condition precedent to the right to a refund.

As we have pointed out in the main opinion, the statutes provide and the appellant concedes that the plaintiff's lien is superior and paramount to the lien of extended personal property taxes. Chapter 286 states that, "If the court determines that such tax was unlawfully collected, in whole or in part for any reason going or pertaining to the merits of the tax," it must enter judgment for the refund. The appellant, while conceding the priority of plaintiff's lien, would stand strictly upon the unmodified technical meaning of the term "unlawfully collected." A statute must be construed in the light of other legislative enactments pertaining to the same matter and with a view of accomplishing the purpose that the legislature had in mind. The purpose of chapter 286 is to permit the recovery of taxes paid under proper protest to which the county is not meritoriously entitled and provide a procedure for that recovery.

In this case, the county treasurer was in no position to determine the merits of the respective liens and the statute did not impose upon him the duty to do so. It left that matter to the determination of other authorities who had the time and facilities to investigate and decide the question of priority. The county treasurer came into possession of the money sought to be recovered through the technical process of collection. It has now been determined upon examination of the merits of the tax lien as compared with the plaintiff's lien that the county is not entitled to the money. It was paid under protest. We do not believe that the legislature intended that a county should keep taxes so collected. Recovery thereof may be had under the provisions of chapter 286. To hold otherwise would frustrate the intention of the legislature and involve chapter 242, ND Session Laws 1929, in a grave question of constitutionality. We adhere to our former opinion.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.