[File No. 7082]

GREAT NORTHERN RAILWAY COMPANY, a corporation, on behalf of itself and of all other taxpayers similarly situated, Appellant, v. J. G. MUSTAD as County Auditor of Steele County, North Dakota; Cora Williams as County Treasurer of Steele County, North Dakota; Easton School District No. 6 of Steele County, North Dakota, and H. W. Stansbary, Iver Seim, Clifford Lundstrom and John A. Johnson as members of the School Board of said District, Oscar Gilbertson as Clerk of said School District, and Nels G. Johnson, as Attorney General of the State of North Dakota, and their successors in office, Respondents.

(33 NW2d 436)

Opinion filed July 7, 1948.   Rehearing denied August 16, 1948.

*Nilles, Oehlert & Nilles,* for appellant.   *E. T. Conmy, C. J. Murphy,* and *John F. Sullivan,* of Counsel.

*Nels G. Johnson,* Attorney General and *P. O. Sathre,* Assistant Attorney General, and *E. T. Mildahl,* State's Attorney, for respondents.

NUESSLE, J. This action was brought by the plaintiff railway company for a declaratory judgment pursuant to the provisions of Chapter 32–23, Rev Code 1943 (The Uniform Declaratory Judgments Act, Vol 9, U. L. A. p 215), and for an injunction to restrain the levy and collection of certain taxes against its property. The action was begun on October 24, 1947. Service on the defendants was made immediately thereafter. Defendants demurred to the complaint. The case was heard on the issues raised thereby on December 19, and the order from which the instant appeal was taken was entered on December 20. The appeal was perfected on January 7, 1948.

Plaintiff is a foreign corporation. The defendant, Easton School District, is a taxing authority organized and functioning pursuant to the statutes of the State of North Dakota. The remaining defendants are the officers charged with the duty of levying, extending and collecting the taxes required to enable the district to function.

The complaint sets forth at length the facts on which the plaintiff predicates its prayer for relief. Summarized, the complaint states that the plaintiff is the owner of property of great value subject to taxation within the defendant school district; that the defendants intend to and will assess, levy and extend taxes against the property of the plaintiff in excess of the amount that properly may be charged against it pursuant to the statutes providing for the taxation of property for school purposes, and intend to and will proceed to enforce the collection of the same; that a similar situation and condition exists in many school districts within the State of North Dakota, and because of this a great multiplicity of suits will result; that this condition and situation is due to the construction put upon Chapter 359, SL 1947, amending § 57–1514, Rev Code 1943; that by reason thereof the school district will exact from the plaintiff in violation of its constitutional rights, excessive tax moneys in a considerable sum; that the plaintiff has no plain, speedy and adequate remedy at law; that accordingly it is entitled to and prays for a declaratory judgment construing the statute in question and for an injunction permanently restraining the defendants from levy-

ing, extending and collecting the unlawful tax, (the plaintiff alleging that it is ready and willing to pay the tax justly due). To this complaint the defendant demurred on the grounds

## I.

"That said action and the issues presented thereby do not present any judiciable controversy of which the court has jurisdiction under the declaratory judgment act, Chapter 32–23 of the North Dakota Revised Code of 1943.

## II.

"That plaintiff's complaint does not state facts sufficient to constitute a cause of action."

The matter came on for hearing on the issues arising upon these demurrers. Defendants withdrew the first ground of demurrer above set forth. After hearing had, the court made and entered the following order:

"The above entitled action came on for hearing and determination . . . on December 19th, 1947, pursuant to notice. Plaintiff . . . and the defendants appeared . . . . The defendants withdrew from their demurrer the first ground specified therein to the effect that said action and the issues presented thereby do not present any justiciable controversy of which the court has jurisdiction under the declaratory judgment act, Chapter 32–23 of the North Dakota Code 1943, and agreed that upon consideration thereof, that said ground for demurrer was not well taken. This left for consideration only the ground that the plaintiff's complaint does not state facts sufficient to constitute a cause of action. The Court upon consideration of the pleadings is of the opinion and finds that this action presents a proper case for the rendition of a declaratory judgment; the Court believes that the law should be declared on the merits but is of the opinion that the law should be declared contrary to the contentions of the plaintiff. It is accordingly—ORDERED, That the demurrer of the defendants upon the ground that the plaintiff's

complaint does not state facts sufficient to constitute a cause of action, be and the same is hereby sustained."

Whereupon the plaintiff perfected the instant appeal from such order.

The statute, § 57–1514, Rev Code 1943, provided,

"The aggregate amount (of taxes) levied by any school district . . . . shall not exceed such amount as will be produced by a levy of fifteen mills on the dollar of the net assessed valuation of the district, except that; . . . . any school district maintaining a consolidated elementary school may levy not to exceed seventeen mills on the dollar of its net taxable valuation . . . ."

In 1946 the defendant school district maintained such a consolidated elementary school. The statute, Chapter 57–16, Rev. Code 1943, provided that the voters of a school district at an election called for that purpose by the district's Board of Directors might increase this rate of tax "for the current year and not to exceed four succeeding years" by fifty percent if sixty percent of those voting voted therefor, and seventy-five percent if seventy-five percent of those voting voted therefor. In that behalf the statute, § 57–1606 provided,

"Upon the ballot the question shall be submitted in substantially the following form:

"Shall . . . . . . . . school district levy taxes for the year (or years) . . . . . . . ., which shall exceed the legal limit by . . . . . . . . percent, so that the taxes levied for this current year instead of being . . . . . . . . dollars, which is the limit authorized by law, shall be. . . . . . . . dollars:

Yes (  ).
No   (  )."

Pursuant to this statutory provision an election was held in 1946 in the defendant school district at which the ballot read,

"Shall Easton School District No. 6 of Steele County, North Dakota, levy taxes for the years 1946 and 1947 which shall exceed the legal limit by 50 percent so that the taxes levied for this

current year, instead of being $5800.00, which is the limit authorized by law, shall be $8700.00.

> Yes ( ).
>
> No ( )."

At the election thus held sixty percent of the voters voted in the affirmative. The auditor, having been duly notified, extended a tax of twenty-five and a half mills on the taxable property of the district. The tax thus levied, in fact, produced $8809.00.

Thereafter in 1947 the legislative assembly enacted Chapter 359, SL 1947, amending § 57–1514 by increasing the legal tax limit from seventeen mills to twenty-seven mills. In July 1947, the defendant school district levied a tax of $13,679 on the taxable property within its district, that being a levy of about fifty percent more than the legal limit prescribed by Chapter 359, SL 1947 and certified the same to the county auditor. Though the record does not affirmatively so show, yet it must be presumed that the auditor had extended the tax pursuant to this certification, before this action was begun. In any event it is undisputed that the auditor had theretofore advised the plaintiff he would do so in accordance with an opinion written from the Office of the Attorney General of the State of North Dakota as to the construction and effect of Chapter 359, supra.

It is the contention of the plaintiff that the legislature in enacting Chapter 359, supra, did not intend that it should be effective retroactively so that in those cases where the electors of a school district theretofore had voted to exceed the limit imposed by § 57–1514, such vote would have the effect of increasing by the percentage voted the limit thereafter prescribed by Chapter 359. On the other hand the defendants contend, and this in accordance with the opinion of the attorney general above referred to, that when the legal tax limit was enlarged from seventeen mills to twenty-seven mills by Chapter 359, supra, any increase theretofore voted by the electors of the school district pursuant to the provisions of Chapter 57–16, Rev Code 1943, applied to the enlarged tax limit subsequently prescribed by Chapter 359. Stated concretely, defendants contend that in the instant case the increase of fifty percent voted in 1946 when the

legal limit was seventeen mills would effect an increase of fifty percent of the legal limit of twenty-seven mills thereafter prescribed by Chapter 359, so that instead of the limit being twenty-five and a half mills as it was voted to be prior to the enactment of Chapter 359, it automatically became forty and a half mills. On the other hand the plaintiff contends that the legal limit is either twenty-five and a half mills, the limit voted at the election in 1946, or twenty-seven mills, the legal limit fixed by Chapter 359, supra.

The plaintiff in its complaint seeks two sorts of relief, one by way of a declaratory judgment, and the other, injunctional relief. The complaint sets forth facts which plaintiff contends warrant such relief. The defendants interposed a demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. This was a general demurrer and if the facts set forth in the complaint warranted a judgment for either sort of relief for which the plaintiff prayed, the demurrer should have been overruled.

An examination of the complaint discloses that it does not state facts sufficient to warrant the granting of injunctional relief. The property of the plaintiff on which the tax was imposed, was for purposes of taxation, personal property. See § 57–0504, Rev Code 1943; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 ND 107, 90 NW 260. And

"As a general rule equity will not interfere by injunction with the enforcement or collection of a tax which is alleged to be illegal or void, merely because of its illegality, hardship, or irregularity, but, in addition thereto, facts must be shown to exist bringing the case within some recognized head of equity jurisprudence; otherwise the party aggrieved will be left to his remedy at law." Bismarck Water Supply Co. v. Barnes, 30 ND 555, 153 NW 454, LRA1916A 965,

and cases cited. There is no such showing here. For it does not appear that the plaintiff would suffer irreparable injury. And it is clear it had an adequate remedy at law. It could have paid the tax under protest and sued to recover the amount of the illegal exaction. Sections 57–2020, 2021, Rev Code 1943;

Home Owners' Loan Corp. v. Wright, 71 ND 235, 299 NW 860. See also Chicago, M. & P. S. R. Co. v. Bowman County, 31 ND 150, 153 NW 986, decided prior to the enactment of §§ 57–2020, 2021, supra.

Considering now the cause of action for relief by way of a declaratory judgment, it is to be noted the order of the trial court first recites that when the cause came on for argument the defendants withdrew the demurrer interposed on the ground that said action and the issues presented by the complaint did not present any justiciable controversy over which the court had jurisdiction under the declaratory judgment act, and *agreed* that upon consideration said ground for demurrer was not well taken. The court further said,

"This left for consideration only the ground that the plaintiff's complaint does not state facts sufficient to constitute a cause of action. *The Court upon consideration of the pleadings is of the opinion and finds that this action presents a proper case for the rendition of a declaratory judgment; the Court believes that the law should be declared on the merits but is of the opinion that the law should be declared contrary to the contentions of the plaintiff*. It is accordingly—Ordered, That the demurrer of the defendants upon the ground that the plaintiff's complaint does not state facts sufficient to constitute a cause of action, be and the same is hereby sustained."

This order is inconsistent and self-contradictory insofar as the ruling of the court touches the cause and prayer for a declaratory judgment. The order recites that

"The Court upon consideration of the pleadings is of the opinion and finds that this action presents a proper case for the rendition of a declaratory judgment; the Court believes that the law should be declared on the merits but is of the opinion that the law should be declared contrary to the contentions of the plaintiff."

but, notwithstanding, orders that the demurrer be sustained. In this the court erred for if the complaint states facts sufficient to warrant the rendition of a declaratory judgment the demurrer challenging the sufficiency of the complaint should have been

overruled. We believe the court as well as counsel misconceived the character and purpose of the declaratory judgments act. Due to this misconception the court considered the merits of the contentions of the respective parties as to the construction to be put upon the statute, Chapter 359, supra, rather than the sufficiency of the complaint to state a cause of action for a declaratory judgment construing the statute.

A complaint in an action for a declaratory judgment is to be considered and treated the same as the complaint in any other action. It differs from such a complaint only in that it does not seek coercive or executory relief as of course. 34 Am Bar Asso J p 379 (May 1948); 1 CJS 1018; 16 Am Jur 275; Declaratory Judgments; Borchard, Declaratory Judgments 2d ed pp 25 et seq. The judgment in a declaratory action is a conclusive determination of rights, status, or other legal relations and carries the same weight as any other judgment under the principles of *res judicata*. Am Bar Asso J supra; Anderson, Declaratory Judgments §§ 197 et seq.; Borchard, Declaratory Judgments 2d ed pp 438 et seq.; 16 Am Jur 342, Declaratory Judgments; Am L Inst Restatement, Judgments, § 77. Only the parties to the action in which it is rendered are bound by such a judgment. As to all others it is effective only as a precedent as to the matters declared by it. Where coercive or executory relief ancillary or supplemental to declaratory relief is warranted by the facts alleged in the complaint, such relief may be granted when prayed for if the facts be established as alleged; and where such relief is not granted, and it thereafter appears that supplemental relief is necessary in order to render the declaratory judgment effective, such relief may be granted on proper application. See 32–2308, Rev Code 1943; Borchard, Declaratory Judgments, 2d ed pp 439 et seq.

If the order entered by the court in the instant case be considered as an order holding only that the complaint does not state facts sufficient to warrant the granting of injunctive relief, it was, as we have heretofore shown, correct. But such relief, owing to its nature, must of necessity have been denied whether

the complaint does or does not state facts sufficient to constitute a cause of action for declaratory relief. If the words of the order last quoted above be taken at their face value, then the demurrer was in effect overruled, and if the defendants had chosen to stand upon it, the court should have ordered a declaratory judgment construing the statute. Furthermore, if the order entered be considered as an order overruling the demurrer, such an order not being appealable—see § 28–2702, Rev Code 1943 —the case is not before us. Again—the defendants having withdrawn their first ground for demurrer and having stated to the court that upon further consideration they were agreed that said ground for demurrer was not well taken—if the order of the court be considered an order for judgment, then, not being appealable—§ 28–2702, supra,—the case is not before us.

On the other hand, if the order be considered as sustaining the demurrer then it becomes necessary to examine the complaint and see whether the facts stated therein are sufficient to constitute a cause of action for a declaratory judgment.

This court has heretofore had occasion to pass upon and apply the provisions of the declaratory judgments act. See Langer v. State, 69 ND 129, 284 NW 238; Asbury Hospital v. Cass County, 72 ND 359, 7 NW2d 438; Ginakes v. Johnson, 75 ND 164, 26 NW2d 368. In Langer v. State we quoted with approval from State ex rel. La Follette v. Dammann, 220 Wis 17, 264 NW 627, 103 ALR 1089, wherein that court said:

"The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and (4) the issue must be ripe for judicial determination."

And we see no reason to depart from our holding in the Langer

case. See also in this connection Anderson, Declaratory Judgments p 125; Aetna L. Ins. Co. v. Haworth, 300 US 227, 81 L ed 617, 57 S Ct 461, 108 ALR 1000.

Examining the complaint in the instant case in the light of the rule thus approved and followed in Langer v. State, 69 ND 129, 284 NW 238, supra, we hold that the complaint states facts sufficient to constitute a cause of action for a declaratory judgment. There is a justiciable controversy. The plaintiff owns property within the Easton School District that is subject to taxation. The taxing authorities have levied and extended against this property a tax which the plaintiff contends is illegal and substantially excessive. The defendants have threatened to and will take steps to enforce and collect that tax. The controversy arises on account of the construction and application of the provisions of the statute. Clearly the interests of the parties to it are adverse. It likewise is beyond question that the plaintiff seeking declaratory relief has a legal interest in the controversy. Finally, the issue is ripe for judicial determination. The tax has been levied and extended. The defendants will take steps to enforce and collect it. The declaratory judgment which the plaintiff seeks will determine whether it is a legal tax and collectible and the parties, both plaintiff and defendants, will be bound by the determination thus made. We can come to no other conclusion than that the facts alleged in the complaint satisfy all the requirements of the rule set forth in the case of Langer v. State.

Accordingly the court should not have sustained the demurrer. In any event, whatever view may be taken of the order appealed from, the case must be reversed and remanded for further proceedings consistent with this opinion.

BURKE, J., and HUTCHINSON and MILLER, District Judges, concur.

BURR and MORRIS, JJ., did not participate.

CHRISTIANSON, Ch. J. I agree with the rule stated in paragraph 1 of the syllabus and further agree that under that rule

the complaint in this action does not state facts sufficient to constitute a cause of action for injunctive relief. I also agree with the rule stated in paragraph 7 of the syllabus, but I am not prepared to agree with what is said in the opinion with respect to the complaint stating facts sufficient to constitute a cause of action for a declaratory judgment; or with what is said in the opinion with respect to the order appealed from, and the limitations placed upon the questions determined thereby, and which may be reviewed on an appeal from such order.

According to the allegations of the complaint the Attorney General on April 8, 1947, rendered a written opinion to the effect that the mill rate fixed by Chapter 359, Laws 1947, was applicable to a levy for school district taxes in a school district that in 1946 had voted an excess levy for the years 1946 and 1947. It is alleged that the opinion of the Attorney General was made available to the State Superintendent of Public Instruction and to all the school districts of the state, and that "the opinion and ruling of said Attorney General with respect to the allowable mill levy is and will be followed by the public officers of this state and all school districts including those of Steele County, North Dakota, unless and until such ruling is reversed or modified by the Courts."

The laws of this state provide that school district taxes shall be levied by the governing body of each school district on or before the last day of July of each year (ND Rev Code 1943, § 57–1513), and it is made the duty of the officer acting as clerk of the governing body of a school district to certify the taxes so levied to the county auditor immediately following the action of the governing body or within 10 days thereafter (ND Rev Code 1943, § 57–1532), and the failure to do so renders the officer subject to penalty. (ND Rev Code 1943, § 57–1533).

It is alleged in the complaint that the defendant school district, on or about July 23, 1947, "pursuant to law filed with the county auditor a tax levy for that year" and that the county auditor and the county treasurer, unless enjoined or restrained, will proceed to spread, levy, assess and collect taxes in accordance with the levy made by the governing board of the

school district. The law makes it the duty of the county auditor immediately upon the receipt of a school district tax levy certified to him to acknowledge receipt thereof to the official so certifying the same immediately upon receiving such levy. ND Rev Code 1943, § 57–1534.

The record of the proceedings of the State Board of Equalization—(published as required by ND Rev Code 1943, § 57–1307) —shows that on August 28, 1947, the State Board of Equalization completed its labors with respect to the equalization of valuation and assessment of property for the year 1947. This action was commenced on October 24, 1947. So, as is said in the majority opinion, "it must be presumed that the auditor had extended the tax pursuant to this certification, before this action was begun."

We have a situation here where the officers whose acts are sought to be controlled have acted. The governing board of the school district has made the levy. The clerk has certified the same to the county auditor and it must be presumed that the county auditor has extended it.

The plaintiff, as pointed out in the majority opinion, has an adequate remedy at law by paying the tax under protest and bringing action to recover any illegal excess. Bismarck Water Supply Co. v. Barnes, 30 ND 555, 570, 153 NW 454, 459, LRA 1916A 965; Torgrinson v. Norwich School Dist. 14 ND 10, 18, 103 NW 414, 417.

According to the views expressed in the majority opinion the only relief that may be granted in this action is a judgment declaring rights, and no consequential relief may be granted. In the circumstances the power to render a declaratory judgment should be exercised with care and caution. Washington-Detroit Theatre Co. v. Moore, 249 Mich 673, 677, 229 NW 618, 619, 68 ALR 105.

The majority opinion holds that the facts set forth in the complaint are sufficient to justify and require the rendition of a declaratory judgment. If this be so, then it seems to me that the question on which a declaratory judgment is sought may properly be considered and determined. The purpose of the

declaratory judgments act is to enable parties to controversies to settle the same before they have reached the stage where ordinary legal relief is immediately available. 16 Am Jur 333, Declaratory Judgments, § 64. However, the complaint must show a justiciable controversy between persons whose interests are adverse, in which the plaintiff has a legally protectible interest, in which the issue is ripe for judicial determination under the declaratory judgments act.

In this case there is no dispute as to the facts. The sole question in controversy is one of construction of a statute. The complaint sets forth the contentions of the respective parties with respect to the legal question that forms the sole basis for the controversy and the sole question on which a declaratory judgment is sought.

In an action for a declaratory judgment the question whether the complaint states facts sufficient to constitute a cause of action in effect resolves to: (1) whether the complaint discloses a justiciable controversy between persons whose interests are adverse, in which the plaintiff has a legally protectible interest, in which the issue is ripe for judicial determination; and (2) whether, with these facts being disclosed, the controversy is one in which a declaratory judgment may or should be rendered. A complaint may show a justiciable controversy between persons whose interests are adverse, in which the plaintiff has a legally protectible interest, where the issue is ripe for judicial determination and yet in the circumstances of the case there may be no valid reason for rendering a declaratory judgment.

In this case the defendants by their demurrer challenged the complaint on both grounds. They asserted (1) that the complaint did not state facts which in any event would entitle the plaintiff to a declaratory judgment, and they further asserted (2) that the complaint failed to state facts constituting a cause of action at all. On the hearing of the demurrer they withdrew the first ground and restricted their challenge to the complaint to the second ground. As a result of the action of the parties in the trial court there was presented to that court the question whether the construction of the statute contended for by the

plaintiff was correct or if the construction of the statute contended for by the defendants was correct. If the construction contended for by the defendants was correct, then the complaint failed to show that any rights of the plaintiff had been or would be infringed by the action taken or proposed to be taken by the defendants and the plaintiff did not have a cause of action and would not have a cause of action at any time by reason of the tax levy which had been made and such levy was in all respects legal and valid. The trial court in sustaining the demurrer held that the construction contended for by the plaintiff was not tenable and that the construction contended for by the defendants was correct. It frequently happens that the ruling on a demurrer becomes decisive of the controversy. This is peculiarly so where the question at issue is one as to the constitutionality or the construction of a statute. Federal Farm Mortg. Corp. v. Falk, 67 ND 154, 270 NW 885, 113 ALR 724; Tracy v. Barnes County, 69 ND 602, 289 NW 377; Ford Motor Co. v. State, 59 ND 792, 231 NW 883. An order sustaining a demurrer to a complaint does not become an order for judgment and non-appealable because such order is decisive of the controlling question in the case, and will (unless it is set aside) entitle the defendant to have judgment of dismissal ordered and entered.